**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOHN MEZZALINGUA ASSOCIATES, INC.,** d/b/a PPC, <br><br> *Plaintiff/Counterclaim-Defendant*, <br><br> -*vs*- <br><br> **CORNING GILBERT INC.,** <br><br> *Defendant/Counterclaim-Plaintiff*. | Civil Action No. <br> 5:11-cv-00761-GLS-DEP |

**DEFENDANT CORNING GILBERT INC.'S RESPONSE**
**TO PPC'S RULE 56(d) MOTION**

**TABLE OF CONTENTS**

**PAGE**

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT .......................................................................................................... 2

    A.   PPC's Extensive Reliance on Rule 56(d) is Misplaced ................................... 2

        1.   PPC Fully Understands the Operation of the Accused
            Connectors ................................................................................................ 3

        2.   PPC's Rule 56(d) Motion Should Not Be Allowed to Delay
            Resolution of Summary Judgment Indefinitely ................................... 4

        3.   Summary Judgment Should Not Be Denied Outright ......................... 5

    B.   Rather Than Argue the Merits of PPC's Request for Discovery,
        Corning Gilbert Will Provide Pertinent Discovery on an Expedited
        Basis ................................................................................................................ 6

    C.   Corning Gilbert Requests That a Schedule be Set to Resolve the
        Summary Judgment Motion After Such Discovery ......................................... 8

III. CONCLUSION ...................................................................................................... 9

US1 10441090.1

**I.      INTRODUCTION**

Corning Gilbert Inc. ("Corning Gilbert") hereby responds to PPC's submission under FED. R. CIV. P. 56(d).  Dkt. No. 21.

PPC's request to conduct documents discovery and a deposition before responding to the summary judgment motion should be seen for what it is—an effort to needlessly delay resolving this case.  PPC has already served its infringement contentions on Corning Gilbert.  In those contentions, PPC explained, element-by-element and for every claim at issue, how it contends each element of the claims is infringed by the accused connectors.  Exh. 1.  These contentions are detailed and specific, and are based on the physical structure and operation of Corning Gilbert connectors it acquired on the commercial market.

In addition, PPC admits that it has instructed officials at the U.S. Customs and Border Protection Service—non-lawyers—on how to identify a connector covered by the '194 Patent-in-suit when they arrive at a port.  It managed this accomplishment at Customs without any discovery from Corning Gilbert.  PPC knows exactly how the accused connectors work and what its infringement contentions are.  Its suggestions to the contrary in its Rule 56(d) papers are utterly disingenuous.

Nonetheless, rather than dispute the necessity of this discovery further, Corning Gilbert will provide—on an expedited basis—a reasonable, detailed response to the document discovery PPC requests and make Mr. Burris available for deposition.  Corning Gilbert requests that the Court set an appropriate schedule for this discovery and for PPC's filing of its opposition to Corning Gilbert's summary judgment motion 21 days after that deposition, as PPC requested in its motion.  Corning Gilbert proposes such a schedule below and submits a proposed order.

II.     ARGUMENT

    A.     PPC's Extensive Reliance on Rule 56(d) is Misplaced

Normally, a party against whom a summary judgment motion is filed must respond by showing that there are material facts that are in dispute. Rule 56(d) may be invoked only when the non-movant "cannot present facts essential to justify its opposition" to a motion for summary judgment. FED. R. CIV. P. 56(d). In such a case, the non-movant must establish by affidavit, among other things, the facts it seeks to establish and how those facts would reasonably create a dispute of material fact. *Miller v. Wolpoff & Abramson,* 321 F.3d 292, 303 (2d Cir. 2003). The rule then provides a series of options to allow the Court to fashion appropriate relief in response to the Rule 56(d) showing.

Corning Gilbert has moved for summary judgment of non-infringement. The material facts are thus only those related to the structure and operation of the accused products, *see Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also Wavetronix v. EIS Integrated Sys.*, 573 F.3d 1343, 1350 (Fed. Cir. 2009) (affirming grant of summary judgment of non-infringement when "there [was] no material dispute of fact as to how the accused system operates"), and these objective facts are not in dispute. The accused products in this case are simple mechanical devices—coaxial cable connectors. PPC has known of these connectors for approximately seven years. The data sheets and installation instructions for these connectors are available on Corning Gilbert's website.[1] While PPC's Rule 56(d) response is long on listing all the discovery it wishes to take, it contains hardly any discussion of why this discovery is likely to create any dispute over a material fact.

---

[1] http://www.corning.com/gilbert/broadband_products/drop_products/F_Compression.aspx

### 1.     PPC Fully Understands the Operation of the Accused Connectors

The history of this dispute demonstrates unequivocally that PPC fully understands the structure and operation of the accused connectors and that its overreaching reliance on Rule 56(d) is just a delay tactic.

As noted in PPC's motion, a General Exclusion Order entered by the U.S. International Trade Commission prohibits importation of products that infringe the `194 Patent-in-Suit. PPC admits that, before this case was filed, it approached the US Customs & Border Protection to educate port workers and other Customs officials on how to recognize imported connectors that PPC claims infringe the `194 Patent, including specifically the connectors accused of infringement in this case. Mot. at 1. To have done so, PPC must have known the structure and operation of the accused products and why it thought these connectors infringed.

Moreover, PPC filed this case and presumably believed that it had a sound basis for doing so. PPC brought cutaway samples of the accused connectors to the Rule 16 conference before Judge Peebles. Two weeks ago, PPC served infringement contentions pursuant to the Local Patent Rules. Exh. 1. These contentions are detailed and specific, and lay out PPC's infringement contentions for every claim on an element-by-element basis. The infringement contentions are made solely with reference to the structure and operation of the accused products. Nowhere did PPC state or suggest that it needed discovery to provide them.

As is apparent from PPC's conduct, the structure and operation of the accused connectors can be completely understood from an inspection of the connectors themselves. Determining infringement requires no chemical analysis, no review of source code, and no other discovery. PPC has already done this for Customs and in its infringement contentions and could have done so again in response to the motion Corning Gilbert filed. Instead, it filed a Rule 56(d) declaration.

A Rule 56(d) declaration is an admission that the movant cannot respond to the motion without discovery. By filing the motion, PPC concedes that it cannot establish infringement without discovery. This declaration is not consistent with PPC's prior conduct.

### 2. PPC's Rule 56(d) Motion Should Not Be Allowed to Delay Resolution of Summary Judgment Indefinitely

PPC has known of Corning Gilbert's intention to move for early summary judgment for some time. On October 12, 2011, Corning Gilbert first advised the Magistrate Judge and PPC that it intended to move for early summary judgment in this case. Dkt. No. 16. Corning Gilbert requested a date for early summary judgment of non-infringement in the proposed case management order. Dkt. No. 15 at 2. The desirability of early summary judgment was discussed at length at the Rule 16 conference and a deadline for the filing of this motion was included in the minute entry for that conference. Minute Entry, Oct. 14, 2011.

At no point in this process did PPC suggest that it was uninformed of the Corning Gilbert products or that it would need significant discovery in order to respond to the motion. Equally, this Rule 56(d) motion should not become a vehicle to derail the summary judgment process or to put off the resolution of this motion indefinitely.

Of course, that PPC requested some limited discovery is not surprising. For example, as to the mechanical drawings for the accused products, Corning Gilbert anticipated this request, has already collected the documents, and is presently readying them for production to PPC. Corning Gilbert will make an expedited production of additional documents in response to PPC's request, as described below. Thus, PPC's motion should not be allowed to postpone indefinitely the consideration and resolution of the summary judgment motion.

### 3. Summary Judgment Should Not Be Denied Outright

PPC asks the Court to deny Corning Gilbert's motion outright because it has filed a Rule 56(d) affidavit. The Court should not grant this relief.

The cases relied on by PPC do not support outright denial of the present summary judgment motion. Each of those cases involve civil rights or similar claims where the outcome of the motion is highly dependent on disputed facts as to which the testimony of the movant was necessary. *See Steptoe v. City of Syracuse,* 2010 U.S. Dist. LEXIS 132631, *12 (N.D.N.Y. 2010) ("claims are heavily dependent upon critical facts upon which the parties' versions differ markedly"); *Middle East Crisis Response v. City of Kingston*, 2008 U.S. Dist. LEXIS 101110, *4-5 (N.D.N.Y 2008) (civil rights claim, same); *Kenific v. Oswego County*, 2010 U.S. Dist. LEXIS 74252, *27-28 (N.D.N.Y. 2010) (same).

Here, by contrast, the issue is discrete and the facts are objective. Infringement is determined by comparing the patent claims to the structure and operation of the accused product. To the extent needed at all, the discovery can be promptly provided.

Rule 56(d) provides the Court with broad discretion in how to respond to the Rule 56(d) request. Here, the more reasonable course is to defer briefing for a short period, allow PPC to collect the discovery it requests directed to infringement allegations, and then require it to respond to the summary judgment motion. This approach is firmly grounded in Second Circuit precedent and should be followed here. *See Miller*, 321 F.3d at 302; *Commercial Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 386 (2d Cir. 2001) (explaining that when faced with a

proper Rule 56(f) affidavit "the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion.").[2]

### B. Rather Than Argue the Merits of PPC's Request for Discovery, Corning Gilbert Will Provide Pertinent Discovery on an Expedited Basis

PPC requests discovery in five areas: 1) the design, manufacture and operation of Corning Gilbert's connectors; 2) the basis for the design of Corning Gilbert's connectors; 3) the prosecution of claims that cover Corning Gilbert's connectors; 4) the testimony of Donald Burris in support of Corning Gilbert's summary judgment motion; and 5) the invalidity and unenforceability of the Patents-in-Suit. Mot. at 6-7.

Rather than debate the necessity of this discovery, Corning Gilbert agrees, with one exception, to provide discovery on an expedited basis. Corning Gilbert will produce responsive and non-privileged documents on an expedited basis before the end of November 2011. Its production will occur on a rolling basis and will provide the most pertinent documents—the manufacturing drawings for the accused products—this week.

The Court should deny, however, PPC's requests for discovery into "Corning Gilbert's views on invalidity and unenforceability" before responding to the summary judgment motion. The motion is one of non-infringement, not invalidity. This discovery could not possibly be required to demonstrate a dispute of material fact concerning infringement.

PPC claims invalidity and unenforceability discovery is necessary because Corning Gilbert's motion calls for claim construction, and invalidity/unenforceability discovery is

---

[2] PPC's request for an indefinite adjournment of its obligation to respond to the motion for summary judgment until 21 days following some undefined date in the future when it decides for itself that it has completed discovery on the motion is unreasonable and does not promote the "just speedy, and inexpensive determination" of this action. *See* FED. R. CIV. P. 1. The Court should reject this request.

necessary before claim construction can take place.  *See* Mot. at 7; Dkt. No. 21-2, Nash Dec., ¶ 51.  PPC is wrong.

Patent claims are construed in light of the intrinsic evidence of the patent and its file history.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313-14 (Fed. Cir. 2005) (*en banc*).  The scope and content of the prior art is normally irrelevant to claim construction.  *See Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999) (courts construe claims without considering impact of construction on validity of the patent); *see also Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (same).

In Corning Gilbert's summary judgment motion, the only term at issue is the "connector body"/"cylindrical body member" limitation.  Claim construction is a question of law.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390-91 (1996).  Thus, discovery into invalidity and unenforceability has no bearing on and is irrelevant to the claim construction necessary to decide Corning Gilbert's summary judgment motion.  Thus, the Court should refuse the request for this discovery.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (explaining that discovery taken pursuant to Rule 56(d) must be closely related to the issues raised in the summary judgment motion and prohibiting "fishing expeditions").[3]

---

[3] In any event, Corning Gilbert's invalidity contentions will be provided to PPC later this month pursuant to the scheduling order in this case, and PPC will have this information before it responds.

**C.     Corning Gilbert Requests That a Schedule be Set to Resolve the Summary Judgment Motion After Such Discovery**

Corning Gilbert proposes the following expedited discovery and briefing schedule:

| Deliverable | Date |
|---|---|
| Corning Gilbert to Complete Document Production in Response to RFP Nos. 1, 2, 3, 6, 20, 21, 39, 40, 43, 46, and 62 | **By November 30, 2011** |
| Deposition of Donald Burris Concerning Issues Raised in Burris Affidavit and Relevant to Summary Judgment | **By December 15, 2011** |
| PPC to File Opposition to Corning Gilbert Motion for Summary Judgment of Non-Infringement | **January 6, 2012** |
| Corning Gilbert to File Reply to PPC Opposition | **January 13, 2012** |
| Summary Judgment Hearing | **Earliest Date Convenient for the Court After January 13, 2012** |

Corning Gilbert has already collected the manufacturing drawings for the accused products and expects to produce those this week. The vast majority of responsive and non-privileged documents should be collected and produced well before November 30.[4] By November 30, 2011, Corning Gilbert expects it will have fully satisfied the document requests noted by PPC in its motion.

PPC will have at least two weeks, but likely more time, to review Corning Gilbert's production and prepare for the deposition of Donald Burris—the affiant in support of Corning Gilbert's summary judgment motion. It should take this deposition by December 15. Requiring

---

[4] The parties have been working together on a stipulated protective order, but Corning Gilbert will not withhold production of its documents pending entry of this protective order as long as PPC agrees—which it already has in one instance—to maintain these documents in the confidence of its outside counsel, Hiscock & Barclay LLP.

PPC to file its opposition to Corning Gilbert's summary judgment motion by January 6 provides PPC the time it requested after this discovery has been completed—at least 21 days—to respond.

## III.  CONCLUSION

PPC's request for discovery under Rule 56(d) is telling.  In filing its complaint, in submitting infringement contentions, and in dealing with Customs and Border Protection, PPC claimed infringement was clear from an examination of the publicly-available accused products. Now, when faced with a motion for summary judgment of non-infringement, it claims it has no basis to oppose Corning's motion until discovery is complete.

Should the Court conclude that some discovery is necessary prior to PPC responding to the summary judgment motion, Corning Gilbert does not oppose PPC's request, except as it relates to discovery on invalidity and unenforceability.  Corning Gilbert will respond to the remaining requests on an expedited basis.  However, if the Court decides discovery is necessary, Corning Gilbert requests that the Court set a schedule for the production of the requested documents, the Burris deposition, and for PPC to file its response.[5]

---

[5] A proposed order has been filed concurrently with this response.

Dated:  November 16, 2011             **DEWEY & LEBOEUF LLP**
                                               **HARTER SECREST & EMERY LLP**

By:  /s/ Joseph P. Lavelle
      Joseph P. Lavelle (admitted *pro hac vice*)
      Andrew N. Stein (Bar Roll No. 514620)
      **DEWEY & LEBOEUF LLP**
      1101 New York Avenue, NW
      Washington, DC  20005-4213
      Telephone: (202) 346-8000
      Facsimile: (202) 346-8102
      E-Mail: joelavelle@dl.com
      E-Mail: astein@dl.com

      Jerauld E. Brydges (Bar Roll No. 511646)
      David M. Lascell (Bar Roll No. 301665)
      **HARTER SECREST & EMERY LLP**
      1600 Bausch & Lomb Place
      Rochester, NY  14604-2711
      Telephone: (585) 232-6500
      Facsimile: (585) 232-2152
      E-Mail: jbrydges@hselaw.com
      E-Mail: dlascell@hselaw.com

      *Attorneys for Defendant/Counterclaim-Plaintiff Corning Gilbert, Inc.*