**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN MEZZALINGUA**
**ASSOCIATES, INC.,** d/b/a
PPC,

|                         |                |                  |
| ----------------------- | -------------- | ---------------- |
|                         | **Plaintiff,** | **5:11-cv-761**  |
|                         |                | **(GLS/DEP)**    |
| **v.**                  |                |                  |

**CORNING GILBERT INC.,**

                              **Defendant.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hiscock, Barclay Law Firm        DOUGLAS J. NASH, ESQ.
Syracuse Office                  GABRIEL M. NUGENT, ESQ.
One Park Place                 JOHN D. COOK, ESQ.
300 South State Street
Syracuse, NY 13202-2078

**FOR THE DEFENDANT**:
Harter, Secrest Law Firm         DAVID M. LASCELL, ESQ.
Rochester Office                ERIKA N.D. STANAT, ESQ.
1600 Bausch & Lomb Place    JERAULD E. BRYDGES, ESQ.
Rochester, NY 14604-2711

DLA Piper LLP                  JOSEPH P. LAVELLE, ESQ.
DC Office                      ANDREW N. STEIN, ESQ.
500 Eighth Avenue NW
Washington, DC 22004

**Gary L. Sharpe**
**Chief Judge**

<u>**MEMORANDUM-DECISION AND ORDER**</u>

## I.  Introduction

Plaintiff John Mezzalingua Associates, Inc., doing business as PPC,
commenced this action against defendant Corning Gilbert, Inc. for alleged
infringement of two of PPC's coaxial cable connector patents.  (*See*
Compl., Dkt. No. 1.)  Following the parties' request for the construction of
ten disputed terms in the two patents in suit, the court referred the matter to
Magistrate Judge David E. Peebles for a *Markman* hearing.  (*See* Dkt. Nos.
34, 36, 37.)  In a Report-Recommendation and Order (R&R) filed
September 5, 2012, Judge Peebles recommended constructions for five of
the disputed terms, and, with respect to the remaining five, found that no
construction was necessary.[1]  (*See generally* R&R, Dkt. No. 59.)  Pending
are Corning Gilbert's objections to the R&R.  (*See* Dkt. No. 61.)  For the
reasons that follow, the R&R is adopted in its entirety.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report-
recommendation and orders in cases it has referred to a magistrate judge.
If a party has objected to specific elements of the magistrate judge's

---

[1]  The Clerk is directed to append the R&R to this decision, and
familiarity therewith is presumed.

findings and recommendations, this court reviews those findings and

recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No.

Civ. 904CV484GLS, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).

Where no party has filed an objection, only vague or general objections are

made, or a party resubmits the same papers and arguments already

considered by the magistrate judge, this court reviews the findings and

recommendations of the magistrate judge for clear error.  *See id.* at *4-5.

## III.  Discussion

Corning Gilbert's principal objection is to Judge Peebles'

recommendation that a plain meaning construction—*i.e*, no construction at

all—should be applied to the terms "cylindrical body member" and

"connector body" (collectively "body members").  (*See* Dkt. No. 61 at 12-

16.)  Adopting an analogous argument to that of the defendant-appellants

in *O2 Micro International Limited v. Beyond Innovations Technology

Company*, 521 F.3d 1351, 1360 (Fed. Cir. 2008), Corning Gilbert claims

that given the importance of these terms, the failure to construe them

would effectively force the trier of fact to decide what is undisputably a

question of law.  (*See* Dkt. No. 61 at 13-16.)  In response to Corning

Gilbert's objections, PPC argues that Judge Peebles' recommendations

3

were appropriate.  (*See* Dkt. No. 63 at 9-20.)  In so doing, PPC requests that the court's construction order should include what is essentially a disavowal of Corning Gilbert's proposed construction of the body members. (*See id.* at 10-11.)  The court will address each of these arguments in turn.

When faced with "an actual dispute regarding the proper scope" of a patent claim, the court must construe the allegedly infringed claim to determine its meaning and scope.  *O2 Micro*, 521 F.3d at 1360.  In so doing, the court is cognizant that unless the patentee "acts as his own lexicographer" or "disavows the full scope of a claim term either in the specification or during prosecution," the words of a claim are "given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history."  *See Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).  While there are certainly cases in which "the meaning of a claim term as understood by persons of skill in the art is not readily apparent," *O2 Micro*, 521 F.3d at 1360, such is not the case here.

In discussing the deficiencies in both parties' proposed construction of the body members, Judge Peebles noted that the record was devoid of any evidence that the patentee ascribed the terms a different meaning or

4

intended to narrow the scope of the claim.  (*See* R&R at 22.)  Furthermore,

the court agrees that the terms are "comprised of three words each of

which is of ordinary usage and fully capable of being understood by a

person reading the patents at issue."  (*Id.*)  As such, the ordinary and

customary meaning approach that Judge Peebles recommended is both

adequate and appropriate in this case.  (*See id.* at 29.)

By contrast, Corning Gilbert's reliance on in *02 Micro*, where the

district court incorrectly refused to construe the term "only if," is unavailing.

(*See* Dkt. No. 61 at 14-16); *O2 Micro*, 521 F.3d at 1361-63.  As the Federal

Circuit held, the term in that case needed construction with respect to its

scope, not its meaning; thus, application of the "plain and ordinary

meaning" standard did not resolve the dispute.  *O2 Micro*, 521 F.3d at

1361-63.  To this end, the Federal Circuit noted that where a term has

more than one "ordinary" meaning, the "plain and ordinary meaning"

standard "may be inadequate."  *Id.* at 1361-62 (citing cases where ordinary

terms such as "board," "golden brown," "cover," "included," "attachment,"

and "removable" were construed).  Indeed, in this case, there is neither

ambiguity in the terms, nor a dispute as to the scope of the claim.  Although

Corning Gilbert's proposed construction implicates scope insofar as it

5

seeks to define the body members as "'single, unitary piece[s],'" (*see* Dkt. No. 36 at 14), this attempt, standing alone, does not necessitate departure from the "plain and ordinary meaning" standard.  Equally unpersuasive—for the time being—is PPC's attempt to foreclose any argument at trial regarding the composition of the body members.[2]  (*See* Dkt. No. 63 at 10.) It follows that Corning Gilbert's objection to the construction of the body members is denied.

So too are Corning Gilbert's remaining objections, which consist of arguments it already presented to Judge Peebles.  (*Compare* Dkt. No. 61 at 16-21, 23-25, *with* Dkt. No. 36 at 9-15, 16-18.)  Despite its claim that the entire R&R is reviewed *de novo*, (*see* Dkt. No. 61 at 9), the court need only conduct a clear error review with respect to arguments that have already been submitted to the Magistrate Judge.  *See Almonte*, 2006 WL 149049, at *4.  Having reviewed those arguments and the remainder of Judge Peebles' R&R for clear error, and finding none, the court accepts and adopts Judge Peebles' R&R in its entirety.

---

[2]  Because PPC is essentially asking for a limiting instruction, it is premature to resolve the propriety of such a charge at this juncture. Nevertheless, the parties may, if they so choose, raise this issue again in their pretrial submissions and/or proposed jury instructions.

6

As an aside, the court, mindful of the highly technical nature of this matter and the expertise of Judge Peebles in this particular area of law, directs the parties to notify the court, within fourteen (14) days of the date of this Memorandum-Decision and Order of their intentions regarding consent to have Judge Peebles conduct all further proceedings in this case under 28 U.S.C. § 636(c).  By consenting, the parties—in addition to retaining the right to appeal any decisions to the Federal Circuit, *see* 28 U.S.C. §§ 636(c)(3), 1295(a)(1)—will not only be able to conduct all future proceedings in Syracuse, New York, but also will have considerable flexibility in scheduling, *inter alia*, the trial, by simply consulting with Judge Peebles on a mutually agreeable date.  On the contrary, should the parties wish to pursue all future proceedings with this court, those proceedings, which may include oral arguments on motions, status conferences, and the trial, will be conducted in person at the James T. Foley United States Courthouse in Albany, New York.  Moreover, given, among other things, the court's criminal docket, it is usually unable to either provide a fixed trial date and/or accommodate individual scheduling requests.  To facilitate this request, the Clerk is directed to provide a copy of the consent form to the parties along with this Memorandum-Decision and Order.

7

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' September 5,

2012 Report-Recommendation and Order (Dkt. No. 59) is **ADOPTED** in its

entirety; and it is further

**ORDERED** that the following meanings shall be affixed to the patent

claim terms in dispute:

| Disputed Term | Proposed Construction |
| --- | --- |
| *Cylindrical Body Member* | No Construction Necessary |
| *First End* | No Construction Necessary |
| *Cylindrical Sleeve* | No Construction Necessary |
| *First Central Bore* | "A cavity lying between the inner wall of the cylindrical sleeve ('194 Patent) or connector body ('940 Patent) and the tubular post ('194 Patent) or the post ('940 Patent)" |
| *Compression Ring* | "structure of a connector that deforms the rear end portion of the cylindrical sleeve inwardly toward the tubular post when slid axially over the cylindrical body member" |
| *Central Passageway* | "a cavity in the center of the compression ring ('194 Patent) or |

8

| | |
|---|---|
| | fastener member ('940 Patent) extending between the first and second ends thereof." |
| *Commensurate* | mean "of corresponding extent, magnitude, or degree; proportionate, adequate." |
| *Said Inwardly Tapered Annular Wall Causing Said Rear End Portion of Said Cylindrical Sleeve to be Deformed Inwardly* | No Construction Necessary |
| *Connector Body Member* | No Construction Necessary |
| *Fastener Member* | "the structure of the connector that deforms the connector body member inwardly toward the post when slid over the connector body member" |

**ORDERED** parties to notify the court, within fourteen (14) days of the date of this Memorandum-Decision and Order of their intentions regarding consent to have Judge Peebles conduct all further proceedings in this case under 28 U.S.C. § 636(c); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

9

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court