**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PPC BROADBAND, INC.,**
d/b/a PPC,

                     **Plaintiff,**              **5:11-cv-761**
                                             **(GLS/DEP)**

        **v.**

**CORNING GILBERT INC.,**

                     **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hiscock, Barclay Law Firm | DOUGLAS J. NASH, ESQ. |
| Syracuse Office | GABRIEL M. NUGENT, ESQ. |
| One Park Place | JOHN D. COOK, ESQ. |
| 300 South State Street | JASON C. HALPIN, ESQ. |
| Syracuse, NY 13202-2078 | |
| | |
| **FOR THE DEFENDANT**: | |
| Harter, Secrest Law Firm | DAVID M. LASCELL, ESQ. |
| Rochester Office | ERIKA N.D. STANAT, ESQ. |
| 1600 Bausch & Lomb Place | JERAULD E. BRYDGES, ESQ. |
| Rochester, NY 14604-2711 | |
| | |
| DLA Piper LLP | JOSEPH P. LAVELLE, ESQ. |
| DC Office | ANDREW N. STEIN, ESQ. |
| 500 Eighth Avenue NW | |
| Washington, DC 22004 | |

**Gary L. Sharpe**
**Chief Judge**

## <u>SUMMARY ORDER</u>

Plaintiff PPC Broadband, Inc., doing business as PPC, commenced this action against defendant Corning Gilbert Inc. for alleged infringement of two of PPC's coaxial cable connector patents.  (*See* Compl., Dkt. No. 1.) Pending is PPC's motion for partial summary judgment.  (*See* Dkt. No. 49.) For the reasons that follow, the motion is denied as premature.

In short, PPC's motion asserts that Corning Gilbert should be collaterally estopped from challenging the validity of the '194 Patent because, among other reasons, it unsuccessfully did so in previous litigation between the parties.  (*See generally* Dkt. No. 49, Attach. 24.) Corning Gilbert does not deny this assertion; instead, it argues that the prevailing consideration of judicial efficiency will not be served by applying collateral estoppel based on the relation between PPC's patents.  (*See* Dkt. No. 56 at 6-8); *see also S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 304 (2d Cir. 1999) ("When the efficiency rationale for collateral estoppel fails, however, courts have understandably declined to apply the doctrine.").

At this juncture, Corning's Gilbert's argument, particularly with respect to the streamlining of discovery, is persuasive.  (*See* Dkt. No. 56 at 7.)  Since this is a case of "offensive collateral estoppel," *Monarch Funding*

2

*Corp.*, 192 F.3d at 303, and the '194 and '940 Patents "are 'not patently

distinct,'" (Dkt. No. 60 at 2), PPC's motion could unfairly hinder Corning

Gilbert's right to challenge the validity of the '940 Patent, which was not

included in the prior litigation, (*see id.* at 1-2).  Indeed, PPC admitted as

much in its reply when it noted that a decision in its favor would "eliminate[]

validity as an issue."  (*Id.* at 2.)  As this case is in the early stages of

discovery, a decision of this importance is premature.  However, this by no

means forecloses PPC from reasserting collateral estoppel at a later stage

of the proceedings.  Thus, because it would be unjust and inefficient to

apply collateral estoppel at this juncture, PPC's motion for partial summary

judgment is denied as premature.

**ACCORDINGLY**, it is hereby

**ORDERED** that PPC's motion for partial summary judgment (Dkt. No.

49) is **DENIED** as premature; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

December 11, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

3