**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**PPC BROADBAND, INC.,
d/b/a PPC,**

                    **Plaintiff,**                  5:11-cv-761
                                                      (GLS/DEP)

                  **v.**

**CORNING GILBERT INC.,**

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hiscock, Barclay Law Firm | DOUGLAS J. NASH, ESQ. |
| One Park Place | GABRIEL M. NUGENT, ESQ. |
| 300 South State Street | JASON C. HALPIN, ESQ. |
| Syracuse, NY 13202-2078 | JOHN D. COOK, ESQ. |
| | KATHRYN DALEY CORNISH, ESQ. |
| **FOR THE DEFENDANT:** | |
| DLA Piper LLP | KATHRYN R. GRASSO, ESQ. |
| 500 Eighth Avenue NW | JOSEPH P. LAVELLE, ESQ. |
| Washington, DC 22004 | ANDREW N. STEIN, ESQ. |
| Harter, Secrest Law Firm | DAVID M. LASCELL, ESQ. |
| 1600 Bausch and Lomb Place | ERIKA N.D. STANAT, ESQ. |
| Rochester, NY 14604-2711 | JERAULD E. BRYDGES, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

On July 5, 2011, plaintiff PPC Broadband, Inc. commenced this patent infringement action against defendant Corning Gilbert Inc. (Compl., Dkt. No. 1.) Pending are, among other things, Gilbert's motion for summary judgment on its collateral estoppel defense, (Dkt. No. 135), and PPC's response and/or cross motion for summary judgment seeking dismissal of Gilbert's collateral estoppel defense, (Dkt. No. 164).[1] For the reasons that follow, Gilbert's motion is denied, and PPC's cross motion is granted.

## II. Background[2]

Both PPC and Gilbert are engaged in the business of designing and manufacturing coaxial cable connectors. (*See generally* Compl., Dkt. No. 1.) On July 21, 2000, PPC filed a patent application for a coaxial cable connector, which was approved and a patent issued to PPC on May 6, 2003 as U.S. Patent No. 6,558,194 ("194 patent"). (*Id.* ¶¶ 1, 23, 24; Dkt.

---

[1] The court notes that there are numerous additional motions pending in this case, including several dispositive motions for summary judgment. (Dkt. Nos. 125, 126, 127, 128, 129, 131, 132, 133, 134, 136, 169, 187, 198.) The court will address the remaining motions in due course.

[2] Unless otherwise noted, the facts are not in dispute.

No. 1, Attach. 2.) On January 21, 2003, PPC filed another patent application for a coaxial cable connector, which was approved and a patent issued to PPC on February 1, 2005 as U.S. Patent No. 6,848,940 ("940 patent"). (Compl. ¶¶ 1, 26, 27; Dkt. No. 1, Attach. 3.)

PPC alleges that Gilbert has infringed the 194 and 940 patents by making, using, selling, offering for sale, selling, and/or importing coaxial cable connectors, specifically Gilbert's UltraRange and UltraShield series connectors, that infringe on PPC's patents. (Compl. ¶¶ 45-58.)

The present motions for summary judgment on collateral estoppel revolve around prior proceedings dealing with products covered by the 194 and 940 patents, and held before United States Customs and Border Protection (CBP), the International Trade Commission (ITC), and the United States Court of International Trade (CIT). (*See generally* Dkt. Nos. 148, 165.) In May 2008, PPC filed a complaint with the ITC, seeking an investigation as to whether certain imported coaxial cable connectors infringed on the 194 patent. (Pl.'s Statement of Material Facts (SMF) ¶ 25, Dkt. No. 165, Attach. 1; Dkt. No. 172, Attach. 9 at 1-3.) Accordingly, in March 2010, the ITC issued a General Exclusion Order, ordering that coaxial cable connectors covered by the 194 patent were prohibited from

entry into the United States for the life of the patent. (*Id.* ¶¶ 27-28; Dkt. No. 139, Attach. 2.) At some time after the issuance of the General Exclusion Order, PPC learned that Gilbert may be importing connectors that infringed on the 194 patent, and PPC sent a letter to CBP requesting a determination that Gilbert's UltraRange and UltraShield connectors infringed PPC's 194 patent and therefore should be denied entry into the United States from abroad, pursuant to the General Exclusion Order. (*Id.* ¶¶ 30-31; Def.'s Statement of Material Facts (SMF) ¶¶ 1, 3, Dkt. No. 148, Attach. 1; Dkt. No. 139, Attach. 20.) PPC then requested that CBP issue a binding ruling which would prohibit the importation of Gilbert's connectors pursuant to the General Exclusion Order, but CBP did not issue a ruling in response to these requests. (Pl.'s SMF ¶¶ 31-34.) Gilbert requested its own declaration from CBP that its connectors do not infringe the 194 patent and are therefore not subject to the General Exclusion Order. (*Id.* ¶ 35.) CBP ultimately concluded that Gilbert's connectors should be excluded, (*id.* ¶ 39), and when Gilbert's protests of this exclusion were denied, Gilbert subsequently filed a complaint in the CIT seeking reversal of that denial, (Def.'s SMF ¶ 3). The parties to the CIT action were Gilbert and several United States government entities; PPC was not a named

4

party. (*Id.* ¶¶ 4, 6-7, 12; Pl.'s SMF ¶ 50-51.)  PPC's attempts to intervene in the action or otherwise participate as an *amicus curiae* were not permitted by the CIT.  (Pl.'s SMF ¶¶ 51-53, 55, 58-59.)

The CIT overturned CBP, held that the shipments excluded from entry by CBP "do not infringe claim 1 nor claim 2 of the '194 Patent," and therefore ordered CBP to admit the excluded connectors into the United States.  (Def.'s SMF ¶¶ 15-16); *Corning Gilbert Inc. v. United States*, 896 F. Supp. 2d 1281, 1297 (Ct. Int'l Trade 2013).

### III. <u>Standard of Review</u>

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV. <u>Discussion</u>

Gilbert contends, in its motion, that collateral estoppel bars PPC from relitigating the issue of whether Gilbert's UltraRange and UltraShield connectors infringe the 194 patent because the CIT overturned CBP's determination that Gilbert's products did infringe on PPC's patent—and, in

doing so, held that Gilbert's connectors did *not* infringe PPC's patent— and PPC had a full and fair opportunity to litigate this issue before the CIT. (Dkt. No. 148 at 8-22.) In response, PPC asserts that there is neither identity of parties nor identity of issue between the CIT proceeding and the current case before the court, and therefore applying collateral estoppel against PPC would be inappropriate. (Dkt. No. 165 at 14-24.) PPC argues that it was not given a full and fair opportunity to litigate this issue in the CIT action, and therefore collateral estoppel on the issue of infringement should not bar litigation of that issue in the current action. (*Id.* at 14-22.) The court agrees.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979) (internal quotation marks and citation omitted). "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in [a] prior proceeding, as long as that determination was essential to that judgment." *Cent. Hudson Gas & Elec.*

*Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (citation omitted).

> Collateral estoppel applies when:
>
> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998) (citation omitted); *see Empire State Ethanol & Energy, LLC v. BBI Int'l*, No. 1:08-cv-623, 2011 WL 281027, at *4-5 (N.D.N.Y. Jan. 25, 2011). As a general principle, "[a] person who was not a party to a suit generally has not had a full and fair opportunity to litigate the claims and issues settled in that suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). However, an exception to this general principle arises, and a nonparty may be bound, if it was "'adequately represented by someone with the same interests who [wa]s a party' to the suit." *Id.* at 894 (quoting *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996)). "The party asserting collateral estoppel bears the burden of demonstrating that it is entitled to this relief." *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 93 (2d Cir. 2005) (internal quotation marks and citations

7

omitted).

Gilbert's primary argument is that collateral estoppel should apply here because, although PPC was not a party to, and did not participate in, the CIT action, PPC was in privity with the government parties and had its interests adequately represented by the government, and is therefore bound by the outcome of that case. (Dkt. No. 148 at 10-15.) Gilbert relies on 28 U.S.C. § 2631 and related case law for its assertion that PPC's interests in its patent rights were *per se* adequately represented by the government in the CIT action. (*Id.* at 11-13.) That statute dictates that intervention is not available in actions before the CIT to review the denial of a protest against the exclusion of goods from entry brought pursuant to section 515 of the Tariff Act of 1930. *See* 28 U.S.C. § 2631(j); 19 U.S.C. § 1515.

Accordingly, the Federal Circuit has held that this statute bars intervention of the patent owner, here PPC, in an action brought before the CIT by an importer, here Gilbert, seeking review of the denial of a protest regarding the exclusion of goods pursuant to an exclusion order. *See Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1357 (Fed. Cir. 2006). Gilbert relies on this case for its assertion that, because "Congress placed

the responsibility of protecting [the patent owner's] patent rights upon the government," the patent owner's interests are therefore *per se* adequately represented in such an action. *Id.* However, the court is unpersuaded by this argument, as *Jazz Photo* was simply a circuit court's review of the trial court's denial of the patent holder's attempts to intervene, and whether the patent holder was or was not a "necessary party" to the litigation; the court there interpreted the statute and held that in such cases, the patent owner is not a necessary party and not entitled to intervene. *See id.* This case does not go as far as Gilbert contends, and does not hold that the patent owner's inability to intervene means that its interests were necessarily adequately represented by the government. Notably, PPC argues that the government failed to adequately represent its interests before the CIT because it, for example, did not serve an expert report on infringement and failed to adequately oppose the merits of Gilbert's non-infringement claims. (Dkt. No. 165 at 6-7.)

Because PPC was not a party to the CIT action, and was not able to participate at all in the litigation, PPC did not have a "full and fair opportunity to litigate" the issue of patent infringement before the CIT. *See Taylor*, 553 U.S. at 892-94. Gilbert's motion for summary judgment is

therefore denied, and PPC's motion for summary judgment seeking dismissal of the collateral estoppel defense is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Gilbert's motion for summary judgment on collateral estoppel (Dkt. No. 135) is **DENIED**; and it is further

**ORDERED** that PPC's cross motion for summary judgment seeking dismissal of the collateral estoppel defense (Dkt. No. 164) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 23, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court