**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PPC BROADBAND, INC.,
d/b/a PPC,**

                **Plaintiff,**　　　　　　　5:11-cv-761
　　　　　　　　　　　　　　　　　　　　　　　(GLS/DEP)
                   v.

**CORNING GILBERT INC.,**

                **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:**<br>Hiscock, Barclay Law Firm<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13202-2078 | DOUGLAS J. NASH, ESQ.<br>GABRIEL M. NUGENT, ESQ.<br>JASON C. HALPIN, ESQ.<br>JOHN D. COOK, ESQ.<br>KATHRYN DALEY CORNISH,<br>ESQ. |
| **FOR THE DEFENDANT:**<br>DLA Piper LLP<br>500 Eighth Avenue NW<br>Washington, DC 22004 | KATHRYN R. GRASSO, ESQ.<br>JOSEPH P. LAVELLE, ESQ.<br>ANDREW N. STEIN, ESQ. |
| Harter, Secrest Law Firm<br>1600 Bausch and Lomb Place<br>Rochester, NY 14604-2711 | DAVID M. LASCELL, ESQ.<br>ERIKA N.D. STANAT, ESQ.<br>JERAULD E. BRYDGES, ESQ. |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

On July 5, 2011, plaintiff PPC Broadband, Inc. commenced this patent infringement action against defendant Corning Gilbert Inc. (Compl., Dkt. No. 1.) Pending is, among other things, PPC's motion for summary judgment on collateral estoppel, precluding Gilbert from relitigating the issue of validity of the patents in suit. (Dkt. No. 128.) For the reasons that follow, PPC's motion is granted in part and denied in part.

## II. Background[1]

Both PPC and Gilbert are engaged in the business of designing and manufacturing coaxial cable connectors. (*See generally* Compl., Dkt. No. 1.) On July 21, 2000, PPC filed a patent application for a coaxial cable connector, which was approved and a patent issued to PPC on May 6, 2003 as U.S. Patent No. 6,558,194 ("194 patent"). (*Id.* ¶¶ 1, 23, 24; Dkt. No. 1, Attach. 2.) On January 21, 2003, PPC filed another patent application for a coaxial cable connector, which was approved and a patent issued to PPC on February 1, 2005 as U.S. Patent No. 6,848,940 ("940

---

[1] Unless otherwise noted, the facts are not in dispute. Further, for additional background facts, the parties are directed to the court's prior decisions in this case. Familiarity therewith is presumed.

patent"). (Compl. ¶¶ 1, 26, 27; Dkt. No. 1, Attach. 3.)

PPC alleges that Gilbert has infringed the 194 and 940 patents by making, using, selling, offering for sale, selling, and/or importing coaxial cable connectors, specifically Gilbert's UltraRange and UltraShield series connectors, that infringe on PPC's patents. (Compl. ¶¶ 45-58.)

In a prior action decided in 2003, PPC brought suit against Gilbert in the United States District Court for the Western District of Wisconsin, alleging, as in the present case, infringement of the 194 patent. (Pl.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 128, Attach. 25.) In that action, as it does here, Gilbert asserted the invalidity of the 194 patent as an affirmative defense to PPC's infringement claim and also sought a declaratory judgment to that effect. (*Id.* ¶ 2.) The parties engaged in discovery and motion practice on the validity of the 194 patent, (*id.* ¶¶ 3-5, 7-17), and after Gilbert's motions for summary judgment and judgment as a matter of law at trial were denied, the jury returned a verdict finding that the 194 patent was not invalid, and Gilbert's UltraSeal connectors infringed on it, (*id.* ¶¶ 16-20; Dkt. No. 128, Attach. 17 at 2-3).

At the close of the 2003 action, PPC and Gilbert entered into a settlement agreement to resolve outstanding disputes concerning the

3

judgment entered in that case. (Pl.'s SMF ¶ 22.) That agreement provides, among other things, that "Gilbert hereby releases, waives, and discharges PPC with respect to all claims and defenses relating to [the 194 patent], whether known or unknown, that were or could have been brought in the [2003 action]." (*Id.* ¶ 23; Dkt. No. 128, Attach. 19.)

On February 1, 2005, the 940 patent was issued to PPC. (Dkt. No. 1, Attach. 3.) On July 5, 2011, PPC commenced the current action against Gilbert, alleging that Gilbert's UltraRange and UltraShield connectors infringe both the 194 and 940 patents. (Compl.) Gilbert again asserts as an affirmative defense, and seeks a declaration, that the 194 and 940 patents are invalid. (Dkt. No. 6 ¶¶ 62, 126, 130.) The parties have engaged in extensive discovery in this case, including on the potential validity or invalidity of the patents in suit. (Pl.'s SMF ¶¶ 27-28.) All of the prior art relied on by Gilbert and its expert witnesses in this case to argue the invalidity of the patents in suit was previously raised in the 2003 action. (*Id.* ¶¶ 29-30.)

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the

standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

## IV. <u>Discussion</u>

PPC contends that collateral estoppel bars Gilbert from relitigating the issue of the validity of the 194 patent, and should also extend to preclude Gilbert from arguing the validity of the 940 patent in this action. (Dkt. No. 128, Attach. 24 at 6-16.) In response, Gilbert asserts that collateral estoppel does not apply as against the 940 patent, and that with respect to the validity of the 194 patent, the court should decline to give estoppel effect to the findings of the 2003 action. (Dkt. No. 163 at 7-22.) For the reasons that follow, PPC's motion is granted with respect to the validity of the 194 patent, but denied in all other respects.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979) (internal quotation marks and citation omitted).

5

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in [a] prior proceeding, as long as that determination was essential to that judgment." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (citation omitted).

> Collateral estoppel applies when:
>
> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998) (citation omitted); *see Empire State Ethanol & Energy, LLC v. BBI Int'l*, No. 1:08-cv-623, 2011 WL 281027, at *4-5 (N.D.N.Y. Jan. 25, 2011). "The party asserting collateral estoppel bears the burden of demonstrating that it is entitled to this relief." *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 93 (2d Cir. 2005) (internal quotation marks and citations omitted).

There are exceptions to the application of collateral estoppel. As relevant here, a court may "decline to give preclusive effect to a prior judgment if there have been changes . . . in the applicable legal rules."

*U.S. v. Alcan Aluminum Corp.*, 990 F.2d 711, 719 (2d Cir. 1993); *see Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005). Additionally, applying collateral estoppel effect to a prior judgment may not be appropriate where there have been "changes in facts essential to [the prior] judgment." *Hickerson v. City of N.Y.*, 146 F.3d 99, 112 (2d Cir. 1998) (internal quotation marks and citation omitted).

**A.** **194 Patent**

PPC's primary argument is that collateral estoppel should preclude Gilbert from rearguing the validity of the 194 patent in this case because that very issue was raised, actually litigated, and decided in the 2003 action, Gilbert had a full and fair opportunity to litigate validity in that action, and the jury's finding of validity was essential to the final judgment of infringement. (Dkt. No. 128, Attach. 24 at 6-10.) Gilbert, on the other hand, argues that, while the traditional elements of collateral estoppel may be met with respect to the validity of the 194 patent, the court should not preclude Gilbert from rearguing the issue in this case because of changed circumstances and potential prejudice. (Dkt. No. 163 at 10-20.) Specifically, Gilbert argues that allowing argument regarding the 940 patent's validity while precluding argument of the 194 patent's validity could

result in juror confusion or prejudicial assumptions regarding the 940 patent's validity. (*Id.* at 10-12.) With respect to its changed circumstances argument, Gilbert asserts that the United States Patent and Trademark Office's (PTO) subsequent reexamination of the 194 patent resulted in a finding that the claims of the 194 patent were invalid in light of a preexisting patent, and that a purported change in law related to patent invalidity would require a different outcome from that reached in the 2003 action. (*Id.* at 13-20.)

As to the 194 patent, all of the elements of collateral estoppel are met here because the issue of the 194 patent's validity was actually litigated and decided in the 2003 Wisconsin action, where Gilbert had a full and fair opportunity to litigate, such that Gilbert is bound by the finding of validity of the 194 patent as determined in the prior action. Gilbert first argues that changed facts, namely a subsequent reexamination of the 194 patent by the PTO which found it unpatentable, weigh against the application of collateral estoppel here. (Dkt. No. 163 at 13-16.) Specifically, Gilbert contends that in arguing validity of the 194 patent in the 2003 action, PPC relied on the fact that the PTO had decided to allow the 194 patent even in light of another existing patent—namely, the

8

Holliday 220 patent. (*Id.* at 14-15.) PPC acknowledges that in a November 1, 2012 Office Action, upon reexamination of the 194 patent, the PTO found that claims 1 and 2 of the 194 patent were anticipated by the Holliday 220 patent, and were therefore rejected as unpatentable. (Def.'s SMF ¶ 62, Dkt. No. 163, Attach. 1 at 6-11; Dkt. No. 186 at 6.) However, as PPC points out in its motion, this reexamination proceeding, along with all of its findings, was subsequently vacated by the PTO. (Dkt. No. 186 at 6; Dkt. No. 186, Attach. 3 at 10-11.) The court is therefore not persuaded that the PTO's reexamination, which was subsequently vacated, should constitute a change in a material fact that would factor into the collateral estoppel analysis. *See Hickerson*, 146 F.3d at 112.

As to Gilbert's argument regarding an intervening change in the governing law, it asserts that under Federal Circuit law at the time of the 2003 Wisconsin action, for a patent to be invalid as obvious in light of the prior art, there must have been an explicit "teaching, suggestion, or motivation" (TSM) to combine references in different instances of prior art. (Dkt. No. 163 at 17-18); *see Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323-24 (Fed. Cir. 1999). However, Gilbert argues that the Supreme Court's 2007 decision in *KSR International Co. v. Teleflex Inc.*, 550 U.S.

9

398 (2007), rejected this approach to combining references to find obviousness. (Dkt. No. 163 at 18.) Under Gilbert's view, *KSR* dictates that all uses of the TSM approach constitute error, representing a change in the law. (*Id.* at 18-19.) This argument is belied by the caselaw cited by PPC in its brief which suggests that the *KSR* decision did not reflect a change in the law, but rather a clarification or emphasis that the TSM test should be applied flexibly, and not as a rigid rule. (Dkt. No. 128, Attach. 24 at 10-11); *see, e.g.*, *Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1172 (Fed. Cir. 2008); *Bow Jax, Inc. v. Sims Vibration Lab., Inc.*, No. CV-09-947, 2011 WL 1304709, at *5 (E.D. Wash. Apr. 6, 2011) ("In *KSR*, the Supreme Court did not overrule the TSM test."). However, other subsequent cases interpreting *KSR* have interpreted it to constitute a decision that "may affect existing Federal Circuit precedent regarding application of the TSM test." *Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985, 997 n.4 (N.D. Cal. 2007) (citing *Izzo Golf, Inc. v. King Par Golf, Inc.*, No. 02-CV-6012T, 2007 WL 1987789, at *19 (W.D.N.Y. July 5, 2007); *McNeil-PPC, Inc. v. Perrigo Co.*, 516 F. Supp. 2d 238, 251 (S.D.N.Y. 2007)).

    Given this split of authority, it is unclear whether *KSR* does in fact constitute a change in law. However, even assuming, without deciding,

that *KSR* did constitute such a change in the law, Gilbert has not demonstrated that the jury instructions given in the 2003 Wisconsin action, when read in their entirety, conflict with the Supreme Court's holding that the TSM test should not be applied rigidly. *See Morgan v. Dep't of Energy*, 424 F.3d 1271, 1276 (Fed. Cir. 2005) (holding that applying collateral estoppel to the "very same set of facts as were previously adjudicated . . . [and] whenever a later decision calls into question the propriety of the legal analysis of an earlier decision . . . would be in contravention of the fundamental concept of collateral estoppel.") As PPC notes, the jury in the 2003 Wisconsin action was instructed that to find the 194 patent invalid for obviousness, it had to determine that there was "some suggestion in the prior art to combine the elements [of other prior art references]," but that the suggestion could be either expressly stated or "within the knowledge that was generally available to one of ordinary skill in the art of designing coaxial cable connectors." (Pl.'s SMF ¶ 19; Dkt. No. 128, Attach. 16 at 9.) The Federal Circuit has held similar instructions do not run afoul of the principles of *KSR*. *See Cordis Corp.*, 511 F.3d at 1172 (upholding an instruction that "[a] suggestion to combine references may also flow from . . . the ordinary knowledge of those skilled in the art") (internal quotation

11

marks omitted). Therefore, Gilbert's argument that collateral estoppel should not preclude relitigation of the validity of the 194 patent because of a change in the governing law is unavailing.

**B.     940 Patent**

With respect to the 940 patent, it is plainly apparent that the validity of the 940 patent was not litigated in the 2003 Wisconsin action, nor could it have been, as the 940 patent was not issued until after the conclusion of the prior action. (Pl.'s SMF ¶ 25.) PPC argues that collateral estoppel should nevertheless apply equally to the 194 patent and the 940 patent, despite the fact that the validity of the 940 patent was not at issue in the 2003 Wisconsin action, because the two patents are closely related. (Dkt. No. 128, Attach. 24 at 13-14.) In response, Gilbert notes that, while the claims of the two patents are indeed similar, there are differences that are material to how prior art applies to the claims of the 940 patent, which could alter the validity analysis of the 940 patent as compared to the 194 patent. (Dkt. No. 163 at 7-10.) The court agrees with Gilbert, as there are certain components required by the 194 patent that are not present in the claims of the 940 patent. (*Compare* Dkt. No. 1, Attach. 2 at 31, *with* Dkt. No. 1, Attach. 3 at 31-32.) Therefore, on the facts of this case, because it

has not yet been litigated, collateral estoppel does not preclude Gilbert from arguing its defense of invalidity with respect to the 940 patent, and PPC's motion for summary judgment on collateral estoppel of the validity of the 940 patent is denied.

The court appreciates Gilbert's arguments regarding the potential for jury confusion. (Dkt. No. 163 at 10-12.) However, a proper jury instruction at the appropriate time will be sufficient to ameliorate any potential prejudice or confusion that may arise. As such, the court gives preclusive effect to the jury's finding of validity of the 194 patent in the 2003 action, but will allow Gilbert to present its arguments regarding the alleged invalidity of the 940 patent to the factfinder in this case.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that PPC's motion for summary judgment on collateral estoppel (Dkt. No. 128) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** with respect to the validity of the 194 patent, such that Gilbert's affirmative defense and counterclaim for a declaratory judgment of invalidity of the 194 patent is **DISMISSED**; and

**DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 31, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court