**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PPC BROADBAND, INC.,
d/b/a PPC,**

                  **Plaintiff,**              5:11-cv-761
                                                         (GLS/DEP)

                      v.

**CORNING GILBERT INC.,**

                  **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hiscock, Barclay Law Firm | DOUGLAS J. NASH, ESQ. |
| One Park Place | GABRIEL M. NUGENT, ESQ. |
| 300 South State Street | JASON C. HALPIN, ESQ. |
| Syracuse, NY 13202-2078 | JOHN D. COOK, ESQ. |
|  | KATHRYN DALEY CORNISH, ESQ. |
| **FOR THE DEFENDANT:** | |
| DLA Piper LLP | KATHRYN R. GRASSO, ESQ. |
| 500 Eighth Avenue NW | JOSEPH P. LAVELLE, ESQ. |
| Washington, DC 22004 | ANDREW N. STEIN, ESQ. |
| Harter, Secrest Law Firm | DAVID M. LASCELL, ESQ. |
| 1600 Bausch and Lomb Place | ERIKA N.D. STANAT, ESQ. |
| Rochester, NY 14604-2711 | JERAULD E. BRYDGES, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

On July 5, 2011, plaintiff PPC Broadband, Inc. commenced this patent infringement action against defendant Corning Gilbert Inc. (Compl., Dkt. No. 1.) In its answer, Gilbert asserted several counterclaims, including state law claims for "Intentional Interference with Business Relationships," "Abuse of Process," and Commercial Disparagement." (Dkt. No. 6 ¶¶ 132-42.) Pending is PPC's motion for summary judgment seeking dismissal of Gilbert's state law counterclaims. (Dkt. No. 125.) For the reasons that follow, PPC's motion is granted.

## II. Background[1]

Both PPC and Gilbert are engaged in the business of designing and manufacturing coaxial cable connectors. (*See generally* Compl., Dkt. No. 1.) On July 21, 2000, PPC filed a patent application for a coaxial cable connector, which was approved and a patent issued to PPC on May 6, 2003 as U.S. Patent No. 6,558,194 ("194 patent"). (*Id.* ¶¶ 1, 23, 24; Dkt. No. 1, Attach. 2.) On January 21, 2003, PPC filed another patent

---

[1] Unless otherwise noted, the facts are not in dispute. Further, for additional background facts, the parties are directed to the court's prior decisions in this case. Familiarity therewith is presumed.

application for a coaxial cable connector, which was approved and a patent issued to PPC on February 1, 2005 as U.S. Patent No. 6,848,940 ("940 patent"). (Compl. ¶¶ 1, 26, 27; Dkt. No. 1, Attach. 3.)

PPC alleges that Gilbert has infringed the 194 and 940 patents by making, using, selling, offering for sale, selling, and/or importing coaxial cable connectors, specifically Gilbert's UltraRange and UltraShield series connectors, that infringe on PPC's patents. (Compl. ¶¶ 45-58.)

As relevant here, Gilbert had established business relationships with Cox Communications and Comcast Corporation to supply them with Gilbert's coaxial cable connectors. (Pl.'s Statement of Material Facts (SMF) ¶¶ 1-2, Dkt. No. 125, Attach. 13; Def.'s SMF ¶¶ 20, 27, Dkt. No. 176, Attach. 1.) Specifically, on May 27, 2011, Gilbert was selected by Cox Communications to be its exclusive supplier of coaxial cable connectors, a fact of which PPC was aware. (Def.'s SMF ¶¶ 16-17.) Beginning some time in July 2011, PPC communicated to Cox and Comcast its belief that Gilbert's connectors infringed PPC's patents, that a lawsuit was potentially forthcoming, and that as a result, Gilbert may be unable to continue providing products to Cox and Comcast on an ongoing basis. (*Id.* ¶ 20; Dkt. No. 177, Attach. 9 at 5-7, 32; Dkt. No. 177, Attach. 13 at 6-7, 9-11;

Dkt. No. 177, Attach. 10 at 2, 5, 7-8.)

## III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

## IV. Discussion

PPC contends, as an initial matter, that Gilbert's state law counterclaims are preempted by federal patent law and should therefore be dismissed. (Dkt. No. 125, Attach. 12 at 3-8.) Further, PPC argues that as to the merits of the claims, Gilbert has either failed to allege, or is unable to establish, all required elements of the causes of action. (*Id.* at 8-25.) In response, Gilbert asserts that its claims are not preempted by federal law, and that PPC has not established that it is entitled to judgment as a matter of law on the state law counterclaims. (Dkt. No. 176 at 9-25.) Because PPC's state tort law liability for its conduct in communications asserting infringement of its patents and warning of potential litigation is preempted by federal patent law, PPC's motion is granted.

"[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004); *see Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) ("federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith."). Thus, in order for Gilbert to avoid preemption and maintain its state law tort claims arising from PPC's protection of its patent and communications with Gilbert's current or potential customers, Gilbert would have to allege and prove that PPC acted in "bad faith," *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008), "even if bad faith is not otherwise an element of the tort claim," *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999) ("[B]ad faith is a prerequisite to [an alleged infringer]'s state-law tortious interference claim; without it, the claim is preempted by patent law.").

This "bad faith" standard has objective and subjective components. *See Dominant Semiconductors SDN. BHD. v. Osram GMBH*, 524 F.3d

1254, 1260 (Fed. Cir. 2008). The objective component requires a showing that the infringement allegations are "objectively baseless." *Globetrotter Software, Inc.*, 362 F.3d at 1376; *see Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002). The subjective component relates to a showing that the patentee in enforcing the patent demonstrated subjective bad faith. *See id.* Absent a showing that the infringement allegations are objectively baseless, it is unnecessary to reach the question of the patentee's intent. *See id.*; *800 Adept*, 539 F.3d at 1370.

The standard for finding infringement allegations to be "objectively baseless" is that "no reasonable litigant could realistically expect success on the merits." *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007); *see Zenith Elecs.*, 182 F.3d at 1354 ("[I]f the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out.") Further, a heightened standard of proof—namely, clear and convincing evidence—applies to this issue, and therefore, "[t]o survive summary judgment, the party challenging such [allegations] must present affirmative evidence sufficient for a reasonable jury to conclude that the patentee

acted in bad faith, in light of the burden of clear and convincing evidence that will adhere at trial." *Golan*, 310 F.3d at 1371. In other words, to satisfy the bad faith requirement, Gilbert "must offer clear and convincing evidence that [PPC] had no reasonable basis to believe that [Gilbert's connectors] infringed [PPC]'s patents or that [PPC] knew it was enforcing an . . . unforceable[] patent." *Id.* Gilbert has not satisfied its burden in this case.

In opposition to PPC's motion for summary judgment, Gilbert argues that its counterclaims are not preempted because the infringement allegations PPC made to Gilbert's customers were "objectively baseless," and therefore constitute bad faith conduct. (Dkt. No. 176 at 11-16.) Gilbert relies on its assertions that "no reasonable litigant could have expected to prevail with his claim of infringement in this case," and that "[t]he record evidence also shows that even PPC would not expect such an infringement claim to succeed." (*Id.* at 12.) However, a review of the record does not reveal clear and convincing evidence that PPC lacked a reasonable basis to believe that Gilbert's connectors infringe the patents in suit when it communicated as much to Gilbert's customers. In fact, in arguing that PPC's infringement allegations are objectively baseless, Gilbert relies on

7

many of the same arguments it has put forth in the numerous other motions filed in this case, including Gilbert's motions for summary judgment on non-infringement, (Dkt. No. 132), collateral estoppel, (Dkt. No. 135), and laches, (Dkt. No. 136), which this court has since addressed and denied, (Dkt. Nos. 206, 207, 209).

The deposition testimony and record evidence cited by Gilbert which deals with the communications made by PPC to Gilbert's customers simply shows that PPC notified Gilbert's customers that Gilbert's connectors infringed PPC's patents, that a lawsuit was potentially forthcoming, and that, as a result, Gilbert may be unable to continue providing products to Cox and Comcast on an ongoing basis. (*See, e.g.*, Dkt. No. 177, Attach. 9 at 5-7, 32; Dkt. No. 177, Attach. 13 at 6-7, 9-11; Dkt. No. 177, Attach. 10 at 2, 5, 7-8.) In light of the record and the court's prior decisions in this case with respect to the merits of PPC's infringement claims, Gilbert cannot establish by clear and convincing evidence that PPC's infringement allegations were objectively baseless, such that "no reasonable litigant could realistically expect success on the merits," and therefore that PPC's conduct was taken in bad faith. *GP Indus.*, 500 F.3d at 1374. Consequently, Gilbert's state law tort claims are preempted by federal

8

patent law and thus dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that PPC's motion for summary judgment on Gilbert's state law counterclaims (Dkt. No. 125) is **GRANTED**; and it is further

**ORDERED** that Gilbert's state law tort counterclaims (Dkt. No. 6, ¶¶ 132-42) are **DISMISSED**; and it is further

**ORDERED** that the case is trial ready and the Clerk shall issue a trial scheduling order in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 13, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court