**SUPERSEDEAS BOND**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PPC BROADBAND, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CORNING OPTICAL COMMUNICATIONS RF, LLC,**<br><br>**Defendant.** | **5:11-cv-761 (GLS/DEP)** |

Bond No.: **K09369788**

We, CORNING OPTICAL COMMUNICATIONS RF LLC, as principal and Appellant, and WESTCHESTER FIRE INSURANCE COMPANY, as surety, are held and firmly bound to PPC BROADBAND, INC., the Plaintiff in the above-entitled action, in the maximum penal sum of SIXTY EIGHT MILLION EIGHTY SIX THOUSAND EIGHT HUNDRED NINETY ONE and 00/100 Dollars ($68,086,891.00) in lawful money of the United States of America, for the payment of which we firmly bind ourselves and our heirs, executors, administrators, or assigns.

We, CORNING OPTICAL COMMUNICATIONS RF LLC, and WESTCHESTER FIRE INSURANCE COMPANY, jointly and severally submit ourselves to the jurisdiction of the United States District Court for the Northern District of New York and irrevocably appoint the clerk of the court as agent for us, upon whom any papers affecting our liability, jointly and severally, on this obligation may be served. We, CORNING OPTICAL COMMUNICATIONS RF LLC, and WESTCHESTER FIRE INSURANCE COMPANY, jointly and severally, irrevocably waive any right to a jury trial and agree that our liability may be enforced in the court on motion and such notice of motion as the court may prescribe may be served upon the clerk as our agent.

Whereas, on NOVEMBER 18, 2016, in an action pending in the above court, between PPC BROADBAND, INC., as plaintiff, and CORNING OPTICAL COMMUNICATIONS RF LLC, as defendant, judgment was rendered against CORNING OPTICAL COMMUNICATIONS RF LLC, a copy of which is attached hereto, and from which CORNING OPTICAL COMMUNICATIONS RF LLC, has taken an appeal to United States Court of Appeals for the Federal Circuit;

Now, therefore, if CORNING OPTICAL COMMUNICATIONS RF LLC satisfies the judgment in full, together with costs and interest on such judgment, then this obligation will be null and void; otherwise it will remain in full force and effect, provided however, the maximum liability of the Surety shall not exceed the sum of SIXTY EIGHT MILLION EIGHTY SIX THOUSAND EIGHT HUNDRED NINETY ONE and 00/100 Dollars ($68,086,891.00).

Sealed with our seals on DECEMBER 2, 2016.

Corning Optical Communication RF LLC

By ______________________
Michael A. Bell – President

5567882_1

WESTCHESTER FIRE INSURANCE COMPANY,
as Surety

By ______________________________
Daniel P. Dunigan – Attorney in Fact

WESTCHESTER FIRE INSURANCE CO.

STATE OF North Carolina)
SS.:
COUNTY OF Catawba )

On this 2ND day of DECEMBER, in the year 2016, before me personally came Michael A. Bell, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

Wendy Lee Hirte
Notary Public

WENDY LEE HIRTE
NOTARY PUBLIC
WILKES COUNTY, NC
My Commission Expires 12/13/2020

STATE OF PENNSYLVANIA)
SS.:
COUNTY OF CHESTER)

On this 2ND day of DECEMBER, in the year 2016, before me personally came Daniel P. Dunigan, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

Theresa Bassett
Notary Public

THERESA BASSETT COMMONWEALTH OF PENNSYLVANIA NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
THERESA BASSETT, Notary Public
Willistown Township, Chester County
My Commission Expires October 12, 2019

SO ORDERED:

______________________________
Hon. Gary L. Sharpe

# *Power of Attorney*

# WESTCHESTER FIRE INSURANCE COMPANY

**Know all men by these presents:** That **WESTCHESTER FIRE INSURANCE COMPANY,** a corporation of the Commonwealth of Pennsylvania pursuant to the following Resolution, adopted by the Board of Directors of the said Company on December 11, 2006, to wit:

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company, of bonds, undertakings, recognizances, contracts and other written commitments of the Company entered into the ordinary course of business (each a "Written Commitment"):

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise.

(2) Each duly appointed attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise, to the extent that such action is authorized by the grant of powers provided for in such persons written appointment as such attorney-in-fact.

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(4) Each of the Chairman, the President and Vice Presidents of the Company in hereby authorized, for and on behalf of the Company, to delegate in writing any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise, such Written Commitments of the Company as are specified in such written delegation, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

Does hereby nominate, constitute and appoint Brian C Block, Daniel P Dunigan, James L Hahn, Joseph W Kolok, Jr., Richard J Decker, William F Simkiss, all of the City of PAOLI, Pennsylvania, each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Seventy Three million dollars & zero cents ($73,000,000.00) and the execution of such writings in pursuance of these presents shall be as binding upon said Company, as fully and amply as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office,

IN WITNESS WHEREOF, the said Stephen M. Haney, Vice-President, has hereunto subscribed his name and affixed the Corporate seal of the said **WESTCHESTER FIRE INSURANCE COMPANY** this 28 day of November 2016.

**WESTCHESTER FIRE INSURANCE COMPANY**

Stephen M Haney

Stephen M. Haney, Vice President

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA ss.

On this 28 day of November, AD. 2016 before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M. Haney ,Vice-President of the **WESTCHESTER FIRE INSURANCE COMPANY** to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company, that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Sept. 26, 2018

Karen E Brandt
Notary Public

I, the undersigned Assistant Secretary of the **WESTCHESTER FIRE INSURANCE COMPANY,** do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of the Corporation, this 2ND day of DECEMBER, 2016.

William L. Kelly
William L. Kelly, Assistant Secretary

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER November 28, 2018.

DocuGard #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.

HEAT SENSITIVE SHIELD FADES WITH HEAT OR TOUCH

**WESTCHESTER FIRE INSURANCE COMPANY**

**FINANCIAL STATEMENT** **DECEMBER 31, 2015**

**ADMITTED ASSETS**

| | |
|---|---|
| BONDS | $1,607,005,886 |
| SHORT - TERM INVESTMENTS | 23,666,123 |
| STOCKS | 3,117 |
| REAL ESTATE | 0 |
| CASH ON HAND AND IN BANK | (68,986,083) |
| PREMIUM IN COURSE OF COLLECTION* | 80,820,180 |
| INTEREST ACCRUED | 16,151,460 |
| OTHER ASSETS | 139,206,542 |
| TOTAL ASSETS | $1,797,867,225 |

**LIABILITIES**

| | |
|---|---|
| RESERVE FOR UNEARNED PREMIUMS | $203,506,626 |
| RESERVE FOR LOSSES | 848,505,624 |
| RESERVE FOR TAXES | 7,043,333 |
| FUNDS HELD UNDER REINSURANCE TREATIES | 5,739,389 |
| OTHER LIABILITIES | 1,696,960 |
| TOTAL LIABILITIES | 1,066,491,932 |
| CAPITAL: 70,000 SHARES, $71.43 PAR VALUE | 5,000,100 |
| CAPITAL: PAID IN | 301,430,636 |
| AGGREGATE WRITE-INS FOR SPECIAL SURPLUS FUNDS | 111,103,666 |
| SURPLUS (UNASSIGNED) | 313,840,891 |
| SURPLUS TO POLICYHOLDERS | 731,375,293 |
| TOTAL | $1,797,867,225 |

(*EXCLUDES PREMIUM MORE THAN 90 DAYS DUE.)

**STATE OF PENNSYLVANIA**

**COUNTY OF PHILADELPHIA**

John Taylor, being duly sworn, says that he is Senior Vice President of Westchester Fire Insurance Company and that to the best of his knowledge and belief the foregoing is a true and correct statement of the said Company's financial condition as of the 31 st day of December, 2015.

Sworn before me this March 22, 2016

Senior Vice President

Diane Wright

Notary Public

August 8, 2019

My commission expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Diane Wright, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Aug. 8, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

# State of New York

## DEPARTMENT OF FINANCIAL SERVICES

WHEREAS IT APPEARS THAT

**Westchester Fire Insurance Company**

**Home Office Address** Philadelphia, Pennsylvania

**Organized under the Laws of** Pennsylvania

**has complied with the necessary requirements of or pursuant to law, it is hereby**

**licensed to do within this State the business of**

accident and health, fire, miscellaneous property, water damage, burglary and theft, glass, boiler and machinery, elevator, animal, collision, personal injury liability, property damage liability, workers' compensation and employers' liability, fidelity and surety, credit, motor vehicle and aircraft physical damage, marine and inland marine, marine protection and indemnity , residual value, service contract reimbursement, legal services and gap insurance, as specified in paragraph(s) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 28, 29 and 26(A)(B)(C)(D) of Section 1113(a) of the New York Insurance Law and also such workers' compensation insurance as may be incident to coverages contemplated under paragraphs 20 and 21 of Section 1113(a), including insurances described in the Longshoremen's and Harbor Workers' Compensation Act (Public Law No. 803, 69 Cong. as amended; 33 USC Section 901 et seq. as amended) , and as authorized by Section 4102(c), insurance of every kind or description outside of the United States and reinsurance of every kind or description to the extent permitted by certified copy of its charter document on file in this Department until July 1, 2017.

NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES — EXCELSIOR

In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, New York, this 1st day of July, 2016

Maria T. Vullo
Superintendent

By *Jacqueline Catalfamo*

Jacqueline Catalfamo
Special Deputy Superintendent

Original on Watermarked Paper

# CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK INSURANCE LAW

## STATE OF NEW YORK
## DEPARTMENT OF FINANCIAL SERVICES

It is hereby certified that

**WESTCHESTER FIRE INSURANCE COMPANY**
Of Philadelphia, Pennsylvania

a corporation organized under the laws of the State of Pennsylvania and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $730,935,765 (Capital $5,000,100) as is shown by its sworn financial statement for the First Quarter as of March 31, 2016, on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.

NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES

In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, this 18th day of July, 2016

**Maria T. Vullo**
**Superintendent**

By *Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

www.dfs.ny.gov