**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PPC BROADBAND, INC.,**

              **Plaintiff,**

              **v.**

**CORNING OPTICAL
COMMUNICATIONS RF, LLC,**

              **Defendant.**

**5:11-cv-761
(GLS/DEP)**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Barclay Damon LLP<br>One International Place<br>14th Floor<br>Boston, MA 02110 | JOHN T. GUTKOSKI, ESQ. |
| 80 State Street<br>Albany, NY 12207 | BELLA S. SATRA, ESQ. |
| Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, NY 13202 | DOUGLAS J. NASH, ESQ.<br>GABRIEL M. NUGENT, ESQ.<br>JOHN D. COOK, ESQ.<br>KATHRYN DALEY CORNISH, ESQ.<br>MARK E. GALVEZ, ESQ. |
| **FOR THE DEFENDANT:** | |
| Orrick, Herrington Law Firm<br>51 West 52nd Street<br>New York, NY 10019 | ANDREW D. SILVERMAN, ESQ.<br>DANIEL A. RUBENS, ESQ. |
| 1152 15th Street NW | MARK S. DAVIES, ESQ. |

Washington, DC 2005-1706

| | |
|---|---|
| DLA Piper LLP | KATHRYN R. GRASSO, ESQ. |
| 500 Eighth Street NW | STEPHEN J. GOMBITA, ESQ. |
| Washington, DC 20004 | JOSEPH P. LAVELLE, ESQ. |
| | ANDREW N. STEIN, ESQ. |
| | |
| 401 B Street | SUSAN N. ACQUISTA, ESQ. |
| Suite 1700 | |
| San Diego, CA 92101-4297 | |
| | |
| Harter, Secrest Law Firm | JERAULD E. BRYDGES, ESQ. |
| 1600 Bausch & Lomb Place | ERIKA N.D. STANAT, ESQ. |
| Rochester, NY 14604-2711 | |

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff PPC Broadband, Inc. commenced this patent infringement action against defendant Corning Optical Communications RF, LLC. (Compl., Dkt. No. 1.) After a four-day trial, the jury found in favor of PPC. (Dkt. No. 358.) Subsequently, the court held a two-day bench trial on Corning's equitable defenses and found that Corning had not proven either defense. (Dkt. Nos. 513-14, 526.) The court also awarded PPC enhanced damages, supplemental damages, and pre-judgment interest. (Dkt. No. 526.) Judgment was entered against Corning in the amount of

2

$61,339,316. (Dkt. No. 529.) PPC then filed a bill of costs seeking $121,020.36. (Dkt. No. 538.) Pending are Corning's objections to the bill of costs. (Dkt. No. 539.) For the reasons that follow, the Clerk is directed to tax $90,741.55 as costs.

## II. Standard of Review

Fed. R. Civ. P. 54(d)(1) authorizes the recovery of costs by a prevailing party "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Recoverable costs are limited to those enumerated in 28 U.S.C. § 1920, which sets out the following taxable costs:

- (1) Fees of the clerk and marshal;
- (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
- (3) Fees and disbursements for printing and witnesses;
- (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
- (5) Docket fees under section 1923 of this title;
- (6) Compensation of court appointed experts,

3

> compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Whitfield v. Scully*, 241 F.3d 264, 269-70 (2d Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation," thereby placing on the losing party the "burden to show that costs should not be imposed." *Id.* at 270 (quoting *Mercy v. Cty. of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)). Where a bill of costs is challenged, the reviewing district court exercises discretion and "decide[s] the cost question [it]self." *Id.* at 269 (internal quotation marks and citation omitted).

### III. Discussion

PPC seeks a total of $121,020.36, consisting of the following itemized costs:

| **Costs/Fees** | **Amount** |
| --- | --- |
| Clerk Fees | $350.00 |
| Deposition Transcripts | $42,417.81 |

4

| | |
|---|---|
| Pre-Trial Transcripts | $932.52 |
| Trial Transcripts | $4,562.40 |
| Witness Fees | $4,630.00 |
| Copying Costs | $35,379.27 |
| Animation-Courtroom Pixels | $31,978.13 |
| Trial Boards | $770.23 |
| **Total** | **$121,020.36** |

(Dkt. No. 538; Dkt. No. 538, Attach. 2.)

Corning first objects to PPC's bill of costs for the global reason that "the [c]ourt has broad discretion to deny costs to the prevailing party and order both sides to bear their own costs." (Dkt. No. 539 at 2 (citing *Manildra Mill Corp. v. Henkel Corp.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996)).) The court declines Corning's invitation. In addition, Corning specifically objects to certain categories of costs it claims are not taxable under the statute or are not supported as reasonably necessary to the case. (*Id.*) The court will address these arguments in turn.

## A. Fees for Printing Transcripts Necessarily Obtained For Use in the Case

### 1. *Deposition Transcripts*

Corning contends that value-added deposition services including rough ASCII copies of transcripts, expedited service, realtime streaming services, and fees for video synchronization and digitization are not recoverable. (Dkt. No. 539 at 3.) Consequently, Corning claims the court should disallow $15,884.36. (*Id.*; Dkt. No. 539, Attach. 1 ¶ 3.) With the exception of some fine points, *see infra* p. 7 & n.1, the court agrees.

District courts in this circuit have disallowed "certain associated fees" from deposition costs including "expedited service, delivery costs, appearance fees, and rough diskettes and/or ASC II disks." *Farberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd.*, No. 09 Civ. 2570, 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009); *see Cutie v. Sheehan*, No. 1:11-CV-66, 2016 WL 3661395, at *4 (N.D.N.Y. July 5, 2016) (disallowing costs for ASCII transcripts and expedited copies of transcripts). Although expedited service may be taxable if "quick delivery [is] necessary," *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 35 (N.D.N.Y. 1994), PPC has not made this showing, *see Woodard v. CSX Transp., Inc.*, No. 1:10-cv-753, 2013 WL 6190843, at *3 (N.D.N.Y. Nov. 26, 2013) ("[T]he burden of establishing the reasonableness of each charge [for costs] rests with the prevailing party."). Even assuming without deciding that the associated

fees for deposition services are recoverable, PPC has likewise failed to demonstrate their necessity. *See id.* Therefore, these value-added services are not taxable,[1] and the court will reduce PPC's costs for deposition transcripts by $15,675.36. (Dkt. No. 539, Attach. 1 ¶ 3.)

Corning also argues that video depositions of PPC's own witnesses are not necessary and should not be taxable. (Dkt. No. 539 at 8.) The court disagrees. Video depositions are a recoverable cost. *See* 28 U.S.C. § 1920(2); *see also In re Ricoh, Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed Cir. 2011) (finding "the correct interpretation of section 1920" includes "taxing both the written transcript and the video of the depositions"). Moreover, a party to a civil case cannot necessarily anticipate a deponent's availability for trial, which may be beyond the court's subpoena power, and the party should be able to preserve their witness's testimony through

---

[1] The court rejects Corning's argument on one ground. (Dkt. No. 539, Attach. 1 ¶ 3.) Corning contends that the transcript from the "Judge's Ruling" during Noah Montena's deposition should be excluded from costs. (*Id.*; Dkt. No. 538, Attach. 3 at 18.) It is clear from the record that counsel called Magistrate Judge Peebles during Montena's deposition to rule on an objection. (Minute Entry of May 21, 2013.) It is apparent that Judge Peebles' ruling was memorialized in Montena's deposition transcript and is, thus, taxable. (Dkt. No. 538, Attach. 3 at 18.) In the same entry, Corning lists "Exhibits" as a non-taxable value-added service. (Dkt. No. 539, Attach. 1 ¶ 3.) This appears to be an oversight as the invoice clearly indicates that the exhibits were used at Montena's deposition and are thus taxable. *See Internet Law Library, Inc. v. Southridge Capital Mgmt.*, Nos. 01 Civ. 6600, 01 Civ. 0877, 02 Civ. 0138, 2010 WL 3290965, at *8 (S.D.N.Y. Aug. 11, 2010). Accordingly, $209.00 is excluded. (Dkt. No. 539, Attach. 1 ¶ 3.)

video for trial.  *See* Fed. R. Civ. P. 45(c)(1); *see also McGuigan*, 155 F.R.D. at 35.  Accordingly, PPC's costs for the video depositions of their own witnesses are taxable.

    2.    *Pre-Trial & Trial Transcripts*

Corning argues that PPC has not shown that expedited delivery of pre-trial transcripts were necessary and suggests that PPC should recover only the costs for the one pre-trial transcript it ordered at the ordinary delivery rate.  (Dkt. No. 539 at 5.)

As with deposition transcripts, there may be a reason for expedited service of pre-trial transcripts, but the party seeking costs must demonstrate that necessity.  *See McGuigan*, 155 F.R.D. at 35.  Indeed PPC has established that pre-trial transcripts were necessary to oppose Corning's partial summary judgment motion and for trial preparation, however, it has not shown that "quick delivery [was] necessary."  *Id.*  The court rejects Corning's contention that PPC should recover only for the pre-trial transcript ordered at the ordinary rate and instead includes as taxable all pre-trial transcripts at the ordinary delivery rate determined by this district.  *See* N.D.N.Y. General Order 3 (setting the transcript rate for ordinary delivery at $3.65 per page).  Therefore, the court includes $784.75

8

as taxable costs.[2]

Corning also objects to PPC's request for daily trial transcript costs because they were only for counsel's convenience. (Dkt. No. 539 at 5-6.) PPC explained that, among other things, the transcripts "were utilized to prepare for future trial work." (Dkt. No. 538, Attach. 1 at 7.)

"Trial transcripts are undoubtedly useful in preparing for cross-examination, evidentiary disputes, summation, and the jury charge." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11 Civ. 0456, 2014 WL 1652229, at *2 (S.D.N.Y. Apr. 24, 2014). To award the "premium cost of daily transcripts" courts must find a necessity "beyond the mere convenience of counsel." *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973). That said, "[t]he question of whether the expense of a daily transcript is to be taxed . . . is a matter resting largely in the discretion of the trial court." *Syracuse Broad. Corp. v. Newhouse*, 319 F.2d 683 (2d Cir. 1963). Where courts have taxed costs for expedited transcript delivery, they have evaluated factors such as "the amount of representation, the length of the trial, and

---

[2] This amount is the product of the $3.65 page rate for ordinary delivery and the number of pages in the pre-trial transcripts found in PPC's submitted invoices. (Dkt. No. 538, Attach. 4 at 2-7.)

9

the complexity of the issues in the case." *Hogan v. Novartis Pharm. Corp.*, No. 06-260, 2012 WL 5898473, at *2 (E.D.N.Y. Nov. 20, 2012) (internal quotation marks and citation omitted), *aff'd* 546 F. App'x 672 (2013); *see, e.g.*, *Perks v. Town of Huntington*, 331 F. App'x 769 (2d Cir. 2009) (upholding costs of daily transcripts where parties relied on transcripts during trial to impeach a crucial witness, determine admission of documentary evidence, resolve disputes over a party's legal theory and prepare the jury charge); *Forest Labs., Inc. v. Abbott Labs.*, No. 96-CV-159S, 2006 WL 7077571, at *1 (W.D.N.Y. May 17, 2006) (taxing costs for daily transcripts in lengthy and complex patent infringement trial).

While PPC's explanation for the necessity of daily transcripts could have been more detailed, the circumstances of this case warrant taxing these costs. The issues presented were undoubtedly complex and involved an explanation of multiple patents, technical components of coaxial cable connectors, and past litigation between the parties. (*See generally* Dkt. Nos. 359-62, 513-14.) The trial schedule further accentuated the complexity of the case. The trial was conducted in two parts — a jury trial on patent infringement and a bench trial on equitable defenses — and the evidence presented was largely relevant to both trials.

Furthermore, daily transcripts were used by both parties to prepare and impeach witnesses and in their respective summations. That said, the court recognizes that "[u]se of the transcript during trial does not per se establish that they were necessary." *Hogan*, 2012 WL 5898473, at *2 (internal quotation marks and citation omitted). Nevertheless, the court finds based on the totality of the circumstances that fees for daily transcripts were necessary.

In light of the foregoing, the court taxes $32,089.60 for printing transcripts necessarily obtained for use in the case, which reflects a reduction of $15,675.36 for value-added deposition transcript services and $147.77 for expedited pre-trial transcript delivery. (Dkt. No. 538, Attach. 3; Dkt. No. 538, Attach. 4 at 2-7; Dkt. No. 539, Attach. 1 ¶ 3.)

**B.    Fees for Exemplification and the Costs of Making Copies where the Copies are Necessarily Obtained For Use in the Case**

PPC has requested $68,127.63, reflecting a fifty percent reduction from vendor invoices for the copying and exemplification costs. (Dkt. No. 538; Dkt. No. 538, Attach. 1 ¶ 18; Dkt. No. 538, Attach 2 at 4-6; Dkt. No. 538, Attachs. 9-10.) Regarding copying costs, PPC explains that while they "relate almost entirely to trial exhibits . . . admittedly, a small

percentage of the copies were made for convenience of counsel, and it would be onerous effort to delineate this amount." (Dkt. No. 538, Attach. 1 ¶ 18.) As for exemplification costs, PPC opted to reduce its costs because the animations were used to further illustrate the evidence and explain the technology at issue. (*Id.*)

In response, Corning argues that PPC includes non-recoverable or unsupported costs in each category that a blanket fifty percent reduction will not cure. (Dkt. No. 539 at 6.) Specifically, Corning first objects to the significant number of copies that were never used as trial exhibits, unsupported charges for color copies, non-recoverable charges for binders, tabs, Bates labeling, and "technical time," and a duplicative invoice. (*Id.* at 6-8.)

Costs for copying materials necessarily obtained for use in the case are recoverable. *See* 28 U.S.C. § 1920(4). Courts have the discretion to determine the award amount for authorized costs. *See United States ex rel. Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996). "[S]ection 1920(4) does not demand page-by-page precision,[however,] a bill of costs must represent a calculation that is reasonably accurate under the circumstances." *Summit*

12

*Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006). A prevailing party may recover reasonable costs for photocopying even where the document was not admitted at trial. *See Evergreen*, 95 F.3d at 173. In *Summit Tech.*, the prevailing party in a complex patent litigation submitted a bill of costs for fifty percent of its total copying costs to account for copies that were either unnecessary or duplicative. *See* 435 F.3d at 1378. The court upheld this calculation method while acknowledging it to be "somewhat crude," but nevertheless permissible, "in complex patent litigation involving hundreds of thousands of documents and copies." *Id.* The court reasoned that under the circumstances of the case "parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation." *Id.*

The same reasoning applies here where the number of copies reached over one hundred thousand and, as discussed above, the case was complex. (Dkt. No. 539, Attach. 1 ¶ 5); *see supra* Part.III.A.2. Accordingly, the court finds that PPC's proposed reduction reasonably estimates its necessary photocopying costs and addresses most of Corning's objections.

The court, however, disallows costs for items identified by Corning as

13

office supplies or extra services, which amount to general overhead costs. (Dkt. No. 539, Attach. 1 ¶ 7); *see*, *e.g.*, *Yong Fang Lin v. Tsuru of Bernards, LLC*, No. 10-2400, 2011 WL 2680577, at *4 (D.N.J. July 8, 2011). At the same time, the court recognizes that bates-stamping is necessary to identify documents and may be taxable in a future case. *See Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 781 n.10 (W.D. Wisc. 2015) (taxing costs for bates-stamping because it "has often been a part of paper copying costs to insure an orderly and controlled production of documents"). Nonetheless, the bates-stamping costs here have not been separated from other disallowed billings and the court will not endeavor to do this on its own. Additionally, while the court recognizes that PPC has not had an opportunity to respond to Corning's objections and correct any oversights in billing, it also disallows costs for a duplicate invoice in the amount of $11,050.64. (Dkt. No. 538, Attach. 9 at 7-8; Dkt. No. 539 at 6-7.)

In addition, Corning objects to PPC's exemplification costs for animations as unnecessary and to certain billings from Courtroom Pixels, a company that creates trial graphics. (Dkt. No. 539 at 9-10.)

Section 1920(4) allows for recovery of "exemplification . . .

14

necessarily obtained for use in the case." District courts in this circuit have found that demonstrative aids are recoverable under this subsection. *See, e.g.*, *Romag Fastners, Inc. v. Fossil, Inc.*, No. 3:10cv1827, 2015 WL 5787019, at *13 (D. Conn. Sept. 30, 2015); *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005). Courts have taxed costs for demonstratives found to aid the fact finder which "efficient[ly] and effective[ly]" present the evidence. *In re Omeprazole Patent Litig.*, Nos. M-21-81, 00 Civ. 4541, 03 Civ. 8719, 2012 WL 5427791, at *7 (S.D.N.Y. Nov. 7, 2012); *see Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 CV 8685, 2011 WL 2848644, at *1 (S.D.N.Y. July 18, 2011).

PPC requests half of the costs from its vendor invoices for exemplification. (Dkt. No. 538, Attach. 1 ¶ 18.) The court finds that PPC's animation and other visual aids were helpful to both the jury and the court to explain the coaxial cable technology and to present and highlight the evidence at trial. Included in these costs is time spent by Courtroom Pixels graphic designers to consult with the lawyers in the case, which the court finds was necessary to create the demonstratives. *See Romag Fastners, Inc.*, 2015 WL 5787019, at *13 (taxing IT specialist fees to develop visual exhibits). Consequently, the court taxes PPC's requested costs as a

reasonable estimate of exemplification costs necessary for use at trial. The court, however, disallows any airfare expenses not already excluded by PPC in the amount of $1,250.00. (Dkt. No. 539 at 10 n.1; Dkt. No. 538, Attach. 10 at 12-13.)

In sum, the court taxes $53,671.95 for copying and exemplification costs, which reflects a reduction of $1,384.81 for general overhead costs, $11,050.64 for a duplicate copying invoice, and $1,250.00 for unaccounted for airfare expenses. (Dkt. No. 538, Attach. 9 at 7-8; Dkt. No. 538, Attach, 10 at 12-13; Dkt. No. 539, Attach. 1 ¶¶ 7,8.)

### IV. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that PPC is awarded costs in the amount of $90,741.55, which represents $350 as fees of the Clerk; $32,089.60 as fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $4,630.00 as fees for witnesses; $53,671.95 as fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 3, 2017
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge