IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PPC BROADBAND, INC.,

        Plaintiff,

    v.

CORNING OPTICAL
COMMUNICATIONS RF, LLC,

        Defendant.
_____

Civil Action No.
5:11-CV-0761 (GLS/DEP)

APPEARANCES:

FOR PLAINTIFF:

BARCLAY DAMON, LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

FOR DEFENDANT:

ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601

OF COUNSEL:

DOUGLAS J. NASH, ESQ.
JOHN D. COOK, ESQ.
JOHN T. GUTKOSKI, ESQ.
GABRIEL M. NUGENT, ESQ.
BELLA S. SATRA, ESQ.
KATHRYN D. CORNISH, ESQ.
MARK E. GALVEZ, ESQ.

ANDREW D. SILVERMAN, ESQ.
DANIEL A. RUBENS, ESQ.
MARK S. DAVIES, ESQ.

KIMBALL R. ANDERSON, ESQ.

| | |
|---|---|
| DLA PIPER LLP (US)<br>500 Eighth Street NW<br>Washington, DC 20004 | JOSEPH P. LAVELLE, ESQ.<br>ANDREW N. STEIN, ESQ.<br>STEPHEN J. GOMBITA, ESQ.<br>KATHRYN R. GRASSO, ESQ.<br>SUSAN N. ACQUISTA, ESQ. |
| HARTER SECREST LAW FIRM<br>1600 Bausch & Lomb Place<br>Rochester, NY 14604 | ERIKA N.D. STANAT, ESQ.<br>JERAULD E. BRYDGES, ESQ. |

<u>FOR WESTCHESTER FIRE
INSURANCE COMPANY</u>

| | |
|---|---|
| ERNSTROM & DRESTE, LLP<br>925 Clinton Square<br>Rochester, NY 14604 | TODD R. BRAGGINS, ESQ. |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a patent infringement action involving two direct competitors engaged in the marketing of coaxial cable connectors. Following a jury trial in the action, judgments were entered in favor of plaintiff PPC Broadband, Inc. ("PPC") and against defendant Corning Optical Communications RF, LLC. ("Corning") totaling approximately $61.4 million. Corning appealed the matter to the Federal Circuit Court of Appeals, which affirmed the trial court's initial judgment without opinion. Having secured that affirmance, and Corning having been refused stays of execution from both the Federal Circuit and Supreme Court, PPC now seeks an order enforcing the

supersedeas bond that was posted by Corning in connection with its appeal. For the reasons set forth below, I recommend that the motion be granted.

I.  BACKGROUND

PPC commenced this action against Corning on July 5, 2011, asserting infringement of two patents related to coaxial cable connectors, including U.S. Patent No. 6,558,194, issued on May 6, 2003, and U.S. Patent No. 6,848,940, issued on February 1, 2005. Dkt. No. 1. The matter proceeded to a jury trial, which was held before Senior District Judge Gary L. Sharpe on July 20-23, 2015, to address all issues with the exception of Corning's equitable defenses. Dkt. Nos. 359-65. At the conclusion of the trial, the jury found in favor of PPC in all respects and awarded $23.85 million in damages. Dkt. No. 358.

Judge Sharpe subsequently conducted a two-day bench trial on September 22-23, 2016, concerning Corning's laches and equitable estoppel affirmative defenses. Dkt. Nos. 513-14. On November 3, 2016, Judge Sharpe found that Corning had failed to prove either affirmative defense and granted PPC's request for enhanced damages, awarding PPC $47.7 million in damages, plus interest. Dkt. No. 526. Judgment was thereafter entered on November 18, 2016, against Corning in the amount

of $61,339,316. Dkt. No. 529. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the court entered a second judgment on February 3, 2017, awarding PPC costs in the amount of $90,741.55. Dkt. No. 541.

On December 2, 2016, Corning filed a notice of appeal to the Court of Appeals for the Federal Circuit. Dkt. No. 530. On the same date, Corning posted a supersedeas bond issued by Westchester Fire Insurance Company ("Westchester"), pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, in the amount of $68,086,891. Dkt. No. 531.

The Federal Circuit issued an order on March 13, 2018, affirming the district court's November 18, 2016 judgment in its entirety, without opinion. Dkt. No. 548-3. Corning then petitioned for *en banc* review or, in the alternative, a panel rehearing; both of those requests were denied on May 14, 2018. Dkt. No. 548-4. Subsequent applications by Corning to stay the Federal Circuit's mandate or, in the alternative, to hold the mandate pending resolution of Corning's petition to the United States Supreme Court for a stay of the mandate, were denied by the Federal Circuit on May 21, 2018. Dkt. No. 548-5. The Federal Circuit mandate, which was issued on the same date, Dkt. No. 548-6, was filed in this court on May 30, 2018. Dkt. No. 552.

Following rejection of its efforts before the Federal Circuit to stave off enforcement of PPC's judgment, Corning filed an application with the Supreme Court seeking recall of the Federal Circuit's mandate and staying enforcement of the judgment pending the filing and disposition of a petition for a writ of *certiorari*. Dkt. No. 548-7. Chief Justice John Roberts denied Corning's application on May 24, 2018. *Id.*

## II.  PROCEDURAL HISTORY

PPC filed the instant motion on May 29, 2018, seeking both an order enforcing liability on the supersedeas bond posted on behalf of Corning by Westchester and an award of costs and attorney's fees incurred in connection with making the motion. Dkt. No. 548. Opposition to the motion was filed by Corning on June 5, 2018, Dkt. No. 552, and PPC submitted a reply in further support of its application on June 7, 2018. Dkt. No. 554. Following the filing of the motion, the matter was referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. No. 550.

On June 11, 2018, the court conducted a hearing to address PPC's motion. At the outset of the hearing, Corning raised, for the first time, the issue of whether Westchester should have been given notice of plaintiff's

motion pursuant to Rule 65.1 of the Federal Rules of Civil Procedure.[1] After hearing argument from PPC, the court determined that Westchester was entitled to notice. Accordingly, the court directed the clerk of the court to mail the parties' motion papers to Westchester by overnight mail and provided Westchester an opportunity to respond to PPC's motion, and additionally gave Westchester an opportunity to be heard orally in connection with the motion. Dkt. No. 555. In light of PPC's and Corning's in-person appearances in court on June 11, 2018, however, and in the interest of judicial efficiency, the court proceeded with the hearing on that date and heard oral argument from PPC and Corning as planned. *See* Dkt. No. 556. Corning was directed to provide Westchester with a copy of the transcript of the argument on June 14, 2018, to help inform Westchester's response to PPC's motion. Dkt. No. 555. Westchester filed its response to the motion on June 15, 2018, and notified the court that it did not request oral argument. Dkt. Nos. 558, 561-62.[2]

---

[1] Rule 65.1 provides that any motion made under the rule "and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known." Fed. R. Civ. P. 65.1.

[2] In its response, Westchester does not argue the merits of PPC's motion, except to state that its bond was issued "with the intent that [it] would remain secondarily liable in the event [Corning] does not pay any judgment upon the conclusion of all appellate proceedings, including any writs of certiorari." Dkt. No. 561 at 4. The remainder of Westchester's response takes issue with the amount of notice it received of PPC's motion prior to being directed by the court to file its response. *See generally* Dkt. No.

### III. DISCUSSION

PPC's motion raises several issues. The first arises from the parties' disagreement concerning when the automatic stay provided under Rule 62(b) of the Federal Rules of Civil Procedure expires. The second

---

561. Although the court does not dispute that due process requires a surety to receive notice and an opportunity to respond to a motion filed pursuant to Rule 65.1, neither Corning nor Westchester have set forth any legal authority for determining how much notice must be provided. Corning cites to a Federal Circuit case for the proposition that PPC's motion must be denied because Westchester did not receive notice prior to the start of the hearing on June 11, 2018. Dkt. No. 556 at 6. The case on which Corning relies, however, does not dictate that the motion be denied, but rather reiterates the undisputed principle that Rule 65.1 requires notice be provided to the surety and that due process is satisfied when the surety receives "notice reasonably calculated, under all the circumstances, to appraise [it] of the pendency of the action and then an opportunity to present [its] objections." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1576 (Fed. Cir. 1991) (internal quotation marks omitted). Under the circumstances of this case, and particularly in light of the fact that (1) the Federal Circuit issued its decision affirming the district court's judgment on March 13, 2018, and issued its mandate on May 21, 2018, thereby providing Corning sufficient time to notify the surety of its potential exposure; and (2) Corning's repeated efforts in the Federal Circuit and the Supreme Court to stay enforcement of the mandate were swiftly denied, I find that Westchester received adequate notice and opportunity to respond to PPC's pending motion.

I note, moreover, that the language of Rule 65.1 does not automatically cast upon the clerk of the court the obligation to serve notice of a motion to enforce a supercedeas bond upon the surety. The rule provides that any such motion *may* be served on the court clerk, who, in that instance, must promptly forward it to the surety whose address is known. Fed. R. Civ. P. 65.1. Indeed, the rule contemplates that a surety, who is entitled to notice of such an application, could be served by the moving party directly or, alternatively, through the clerk of the court. Had PPC chose to serve Westchester directly in this case, the court's obligation to effectuate service on Westchester would not have been triggered.

As a final note, Rule 65.1 requires the clerk of the court to "promptly mail a copy of [the motion and notice] to every surety *whose address is known.*" Fed. R. Civ. P. 65.1 (emphasis added). As was pointed out during the hearing, the court was never provided an address for Westchester, and, despite Westchester's suggestion to the contrary, Dkt. No. 561 at 3-4, under even the most liberal reading of the rule, the court clerk is under no obligation to undertake independent research to discover the surety's address.

7

question presented is whether the district court has the authority to stay the judgment rendered by the Federal Circuit.[3] The third issue to be addressed is whether this court has the authority to enforce the supersedeas bond and direct the surety to make payment thereunder pursuant to Rule 65.1 of the Federal Rules of Civil Procedure. Lastly, PPC's request for an award of costs and attorney's fees raises the question of whether this court has the authority, either under Rule 65.1 or pursuant to its inherent powers, to award costs and attorney's fees incurred in connection with this motion to PPC and, if so, whether such an award is justified. I have addressed each issue separately below.

A. Expiration of Rule 62(d) Stay

PPC first contends that the Rule 62(d) stay that was automatically invoked when this court accepted Corning's supersedeas bond in connection with its appeal to the Federal Circuit expired upon the issuance of the Federal Circuit's mandate. Dkt. No. 548-1 at 7-9. Rule 62(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

---

[3] Although Corning has not formally cross-moved for an order staying enforcement of the judgment, its request for an order finding that a stay remains in effect could be regarded as an implicit application for such relief. *See* Dkt. No. 553 at 18 ("PPC's Motion should be denied and the case stayed pending disposition by the Supreme Court of Corning's forthcoming petition for certiorari."). During the recent hearing, Corning confirmed that it is requesting such a stay in the event the court finds that the automatic stay has expired.

8

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). As can be seen, the rule does not specify when a stay under that provision expires or terminates. The great weight of authority regarding this issue, however, suggests that the Rule 62(d) stay expires when a circuit court issues its mandate. *See, e.g., Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1996) ("[T]he stay entered in this [case] . . . dissolved upon the issuance of the mandate of the Eighth Circuit Court of Appeals."); *accord, Ventas, Inc. v. HCP, Inc.*, No. 07-CV-0238, 2011 WL 3678819, at *2 (W.D. Ky. Aug. 22, 2011) ("[A]ny stay issued by a district court during the pendency of an appeal expires [when the Court of Appeals issues its mandate]."). Although Corning is correct that there is no "binding authority holding that the issuance of a Court of Appeals mandate automatically ends the stay," it fails to provide any legal support for its contention that the stay "remains in place, until [the district court] takes action to release it." Dkt. No. 553 at 9.

In the absence of any authority whatsoever to suggest that the stay remains in place until either the district court lifts it or all available appellate avenues are exhausted, and in light of the consensus in the

9

case law that the stay expires upon the issuance of a circuit court's mandate, I recommend that the court find the Rule 62(d) stay in this case expired upon the issuance of the Federal Circuit's mandate on or about May 30, 2018.

### B. Whether the District Court May Stay the Judgment of the Federal Circuit

To the extent Corning's submission may be construed as asking this court to stay enforcement of the judgment until the Supreme Court acts on its contemplated *certiorari* petition, PPC argues that the district court does not have the authority to grant that relief under Rule 62 or 28 U.S.C. § 2101(f). Dkt. No. 548-1 at 9-12.

A request to stay a judgment rendered by a district court pending an appeal to a United States Court of Appeals is governed by Rule 62 of the Federal Rules of Civil Procedure. *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 568 (E.D. Pa. 2011). In contrast, 28 U.S.C. § 2101(f) contemplates a stay of "the final judgment or decree of any court [that] is subject to review by the Supreme Court on writ of certiorari[.]" 28 U.S.C. § 2101(f). In this case, the final judgment subject to review by the Supreme Court is the Federal Circuit's judgment, not the district court's, because "[t]he district court judgment has been superceded by the judgment of the Court of Appeals, even though [it] affirms the district court judgment in all

respects." *Haughey*, 794 F. Supp. 2d at 569; *see also Ventas, Inc.*, 2011 WL 3678819, at *1. Section 2101(f) further specifies that a stay of such a judgment may only be granted "by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court." 28 U.S.C. § 2101(f). "The great majority of courts has interpreted the phrase 'the court rendering the judgment or decree' under 28 U.S.C. § 2101(f) to be a reference to the United States Courts of Appeals." *Haughey*, 794 F. Supp. 2d at 568 (citing cases); *see also In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) ("[O]nly a judge of this Court, or a justice of the Supreme Court, is empowered by 28 U.S.C. § 2101(f) to stay the execution or enforcement of this Court's judgment."); *Ventas*, 2011 WL 3678819, at *2 ("Where any court's final judgment is subject to review only by the Supreme Court, only the Supreme Court or the court issuing the judgment may stay execution of it.") (citing 28 U.S.C. § 2101(f)).

  Corning acknowledges that "[v]arious courts have held that the specific authority granted in §2101(f) to stay enforcement pending *certiorari* review applies only to the Court of Appeals and the Supreme Court, [and that] District Courts lack authority to enter stays pursuant to that section." Dkt. No. 553 at 11 (citing cases). Nevertheless, it contends that, "despite the lack of authorization in §2101(f) to stay proceedings

11

pending certiorari, District Courts nevertheless *do* have inherent authority to order such stays." *Id.* at 12 (emphasis in original). Corning relies on the Eighth Circuit's decision in *Stumes* for this proposition. Although the court in *Stumes* concluded that section 2101(f) does not provide district courts with the authority to issue a stay of a judgment rendered by the circuit court of appeals, it nonetheless found that the stay issued by the district court in that case, involving a grant by the district court of habeas relief, was not an abuse of discretion. *Stumes*, 681 F.2d at 525 ("[W]e are not prepared to say that the District Court abused its discretion, though, as indicated above, we cannot agree with [the district court's] reliance upon 28 U.S.C. § 2101(f)."). According to Corning, implicit in the Eighth Circuit's conclusion that the district court did not abuse its discretion in issuing a stay of the judgment pending *certiorari* review is a finding that district courts retain the inherent authority to order such stays. Dkt. No. 553 at 12.

I have found no authority to support Corning's reading of *Stumes*, insofar as it could be read to hold that district courts retain inherent authority to issue a stay of the judgment of a circuit court of appeals pending a petition for *certiorari* review to the Supreme Court.[4]

---

[4] In my opinion, a more persuasive view of *Stumes* is that the Eighth Circuit's specific mandate in that case, which directed the district court to "discharg[e] [the petitioner] from custody unless the State commences proceedings to try him again

12

Accordingly, I recommend that the court conclude the district court lacks authority to issue a stay of execution of the Federal Circuit's judgment, pending Corning's anticipated writ of *certiorari* petition.[5]

### C. Rule 65.1 Grants the District Court's Authority to Enforce the Supersedeas Bond

PPC next argues that, in light of Corning's refusal to pay the amounts owed pursuant to the judgment, the district court should now enforce liability on the supersedeas bond pursuant to Rule 65.1 of the Federal Rules of Civil Procedure. Dkt. No. 548-1 at 12-15.

In relevant part, Rule 65.1 provides as follows:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action.

---

within such reasonable time as the District Court may fix," *Stumes*, 681 F.2d at 525, provided the district court with sufficient latitude to stay the enforcement of the mandate while the state sought *certiorari* review.

[5] Even if the district court did have authority, inherent or otherwise, to stay enforcement of the judgment in this matter, I would recommend against it, particularly because both the Federal Circuit and Supreme Court have already denied Corning's applications.

Fed. R. Civ. P. 65.1. A prevailing party may enforce a surety's liability on a supersedeas bond using the summary procedure provided under Rule 65.1 or through an independent action in a state or federal court. *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1054 (9th Cir. 2000).

To collect on the supersedeas bond through Rule 65.1, the prevailing party must show that "(1) the supersedeas bond consists of sureties as contemplated under Rule 65.1; and (2) the Federal Circuit has entered final judgment in [the prevailing party's] favor and issued its mandate." *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-CV-1846, 2015 WL 8477855, at *6 (N.D. Calif. Dec. 9, 2015).

In accordance with Rule 62(d), Corning posted a supersedeas bond, issued by Westchester as its surety, to effectuate an automatic stay of enforcement of the November 2016 judgment. Dkt. No. 531. As a result, Corning and Westchester jointly and severally submitted themselves to the jurisdiction of this court and irrevocably appointed the court clerk as their agent. Dkt. No. 531 at 1. Accordingly, Corning's supersedeas bond falls within the ambit of Rule 65.1, satisfying the first prong of the controlling test. *Apple*, 2015 WL 8477855, at *6.

The Federal Circuit's final judgment and mandate affirmed the district court's November 2016 judgment in favor of PPC in its entirety.

14

Dkt. No 552. The Federal Circuit then denied Corning's petition for *en banc* review or panel rehearing, denied Corning's motion to stay the issuance of the mandate pending its *certiorari* petition to the Supreme Court, and denied its alternative request that the Federal Circuit hold its mandate pending the resolution of Corning's petition to the Supreme Court to stay the mandate. Dkt. Nos. 548-3 – 548-6. The Supreme Court also denied Corning's request to stay the Federal Circuit's judgment pending Corning's anticipated *certiorari* petition. Dkt. No. 548-7. Accordingly, because the Federal Circuit has issued its final judgment and mandate in PPC's favor, the second prong of the *Apple* test for collection on supersedeas bonds is satisfied.

A district court must implement and strictly comply with a Federal Circuit's final judgment and mandate. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). Thus, to comply with the Federal Circuit, this court should enforce its mandate by granting PPC's motion to enforce liability on the supersedeas bond.

I note, moreover, that the appellate process contemplated when a supersedeas bond staying a prevailing party's ability to collect on a judgment is posted does not necessarily include a petition to the Supreme Court for a writ of *certiorari*. *See Concept Design Elecs. & Mfg. v.*

15

*Duplitronics, Inc.*, Nos. 90-368, 91-169, Memorandum Decision & Order Dated May 19, 1995 (W.D.N.C. 1995) (denying the defendant's motion to stay execution of liability on the supersedeas bond pending its petition to the Supreme Court for a writ of *certiorari*). The possibility of the Supreme Court reversing an appellate court's judgment does not prevent a district court from enforcing the appellate court's mandate because judgments rendered by appellate court are presumed valid. *Revlon Inc. v. Carson Prods. Co.*, 647 F. Supp. 905, 906 (S.D.N.Y. 1986) (citing *Graves v. Barnes*, 405 U.S. 1201, 1203 (1971)). For this reason, when a district court grants a stay pending an appeal to a court of appeals, the stay should be limited to that appeal only, and should not continue through Supreme Court review. *See Revlon*, 647 F. Supp. at 906 ("Logically, a supersedeas bond securing the stay should . . . be limited to the court of appeals.").

In this instance, because the Federal Circuit has issued its final judgment and mandate affirming the November 2016 judgment in PPC's favor, the district court is obligated to enforce the Federal Circuit's mandate. Accordingly, I recommend that PPC's motion to enforce liability of the supersedeas bond be granted.

### D. Whether PPC Is Entitled to Costs and Fees for Bringing This Motion

PPC requests that the court award it the costs and attorney's fees generated by drafting and filing this motion as a sanction for Corning's refusal to pay the amounts owed under the judgment. Dkt. No. 548-1 at 15-16.

Neither Rule 62(d) nor Rule 65.1 contains any provision for the recovery of attorney's fees, costs, or damages. Fed. R. Civ. P. 62(d); Fed. R. Civ. P. 65.1; *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1054 (9th Cir. 2000). Looking by analogy to enforcement of other similar types of bonds, I note, for example, that in an action to enforce an injunction bond, a party may not recover attorney's fees. *Matek v. Murat*, 862 F.2d 720 (9th Cir. 1988); *Fireman's Fund Ins. v. S.E.K. Constr. Co.*, 436 F.2d 1345, 1351 (10th Cir. 1971). The Ninth Circuit has relied on *Matek* by analogy in determining that attorney's fees are not recoverable in actions or motions to enforce supersedeas bonds. *Bass*, 219 F.3d at 1054.

Injunction bonds and supersedeas bonds can both be enforced through Rule 65.1, which describes the summary proceedings for the enforcement of the liability of a surety. *Bass*, 219 F.3d at 1054. Rule 65.1 was enacted to provide a uniform rule for summary proceedings against sureties on bonds. *Id.* Because Rule 65.1 intends to create uniformity

17

regarding summary proceedings against sureties, whether to award attorney's fees in connection with enforcing injunction bonds and supersedeas bonds should also be uniform. Similarly, the rationale for the posting of injunction bonds is the same as that related to supersedeas bonds: both are intended to preserve the status quo either through trial or the appellate process, respectively. *See Bass*, 219 F.3d at 1055 ("Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision"); *Paige v. N.Y.C. Hous. Auth.*, No. 17-CV-7481, 2018 WL 1226024, at *2 (S.D.N.Y. Mar. 9, 2018) ("The purpose of a preliminary injunction is not to give a plaintiff the ultimate relief he seeks, but rather to maintain the status quo pending a full hearing on the merits" (citations, internal quotation marks, and alterations omitted)); *Midas Int'l Corp. v. T & M Unlimited, Inc.*, No. 00-CV-0899, 2000 WL 1737946, at *5 (W.D.N.Y. Nov. 17, 2000) ("The injunction bond simultaneously ensures that funds will be available to compensate the defendant if wrongfully enjoined, while limiting recovery to the amount of the bond."). Accordingly, because it is reasonable to treat the two types of bonds the same when determining if a prevailing party may recover attorney's fees and costs in connection with an action enforcing a

supersedeas bonds, I recommend that PPC's request for costs and attorney's fees be denied. *Bass*, 219 F.3d at 1055.

IV.   SUMMARY AND RECOMMENDATION

Based upon the foregoing, I conclude that the automatic stay invoked under Rule 62(d) by the filing and acceptance by the court of the Westchester supersedeas bond expired upon the issuance by the Federal Circuit of its mandate affirming the trial court's judgment. I further find that this court lacks the power to stay the judgment of the Federal Circuit under 28 U.S.C § 2101(f) or otherwise. Third, I conclude that PPC is entitled to an order under Rule 65.1 enforcing the supersedeas bond. Finally, I find that PPC is not entitled to an award of costs and attorney's fees for bringing the instant motion. Accordingly it is hereby respectfully

RECOMMENDED as follows:

(1)   PPC's motion (Dkt. No. 548) should be GRANTED, except that its request for an award of costs and attorney's fees should be DENIED.

(2)   The supersedeas bond in this matter should be enforced, and the surety, the Westchester Fire Insurance Company, should be directed to pay the amount owing on the judgments entered, with accrued interest to date, over to PPC unless, within a commercially reasonable time to be established by the court, Corning tenders payment in full of the

outstanding judgments with accrued interest.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties and Westchester Fire Insurance Company in accordance with this court's local rules.

Dated:  June 18, 2018
        Syracuse, New York

David E. Peebles
U.S. Magistrate Judge