UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PPC BROADBAND, INC.,

        **Plaintiff,**         **5:11-cv-761**
                                       **(GLS/DEP)**

        **v.**

CORNING OPTICAL
COMMUNICATIONS RF, LLC,

        **Defendants.**
_____

## SUMMARY ORDER

On June 18, 2018, Magistrate Judge David E. Peebles issued a Report and Recommendation (R&R), which recommends that plaintiff PPC Broadband, Inc.'s motion to enforce judgment, (Dkt. No. 548), be granted with the exception of its request for an award of costs and fees. (Dkt. No. 564.) Pending before the court are the objections of defendant Corning Optical Communications RF, LLC and surety Westchester Fire Insurance Company. (Dkt. Nos. 566, 567.)

Suffice it to say that Corning's objections to the R&R are a rehashing of the arguments presented to and rejected by Judge Peebles. (Dkt. No.

566.)[1]  Given the nature of these general objections, review for clear error only is warranted.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).  After careful consideration of the R&R, the objections, and PPC's response, (Dkt. No. 568), the court finds no clear error and adopts the R&R, (Dkt. No. 564), in its entirety.  Beyond being free from clear error, the court concurs entirely with the logic and rationale of the R&R and goes one step further: with respect to the court's inherent authority to issue a stay, if there is any such authority, the court would not exercise it here.

Finally, the R&R left open the exact timing of Westchester's potential obligation to satisfy the judgments in the event that Corning fails to pay. (Dkt. No. 564 at 19-20.)  The parties appear to be in agreement that one week meets their approval, (Dkt. No. 567; Dkt. No. 568 at 12), and the court adopts that term as "commercially reasonable."

Accordingly, it is hereby

---

[1] Arguably, Corning's contention that Judge Peebles "completely ignore[d]" its reliance on the not-yet-effective amendment to Rule of Civil Procedure 62, (Dkt. No. 566 at 7), is a specific objection that would warrant *de novo* review, *see Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).  However, because Corning's argument is contrary to the scant authority on the issue–which was discussed and cited by Judge Peebles–and derives from an amendment that is not yet effective, the court rejects it.

**ORDERED** that the Report and Recommendation (Dkt. No. 564) is **ADOPTED** in its entirety; and it is further

**ORDERED** that PPC's motion to enforce judgment (Dkt. No. 548) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**DENIED** with respect to an award of costs and attorneys' fees; and

**GRANTED** in all other respects; and it is further

**ORDERED** that the supersedeas bond shall be enforced and the surety, Westchester, shall pay the amount owing on the judgments, with accrued interest to date, to PPC unless within seven (7) days of issuance of this Summary Order Corning tenders full payment of the outstanding judgments with accrued interest to date to PPC; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 16, 2018
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge